HELLEN & ACOSTA, PLAINTIFFS IN ERROR, VS. STEIN-WENDER & SELLNER, DEFENDANTS IN ERROR.

APPELLATE PRACTICE—Default judgments, evidence.

1. Where a motion is made, subsequent to final judgment entered by the clerk after default for want of appearance, to open such default and to vacate such final judgment, and exhibits, in the shape of affidavits, etc., are presented to the judge to sustain, or to resist such motion, the fact that such papers or exhibits were presented to and considered by the judge upon such motion must be evidenced by a bill of exceptions signed and sealed by the judge, or in some other manner tantamount to such bill of exceptions, otherwise such papers and exhibits cannot be considered by this court upon writ of error for want of the proper evidence that they were in fact used or considered in connection with such motion.

2. Where the affidavit of proof upon which the clerk enters a final judgment after default fails entirely to establish any count in the plaintiff's declaration, such final judgment is illegal, and will be reversed on writ of error.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*John E. Hartridge* for Plaintiffs in Error.

*A. W. Cockrell & Son* for Defendants in Error.

Part of brief of A. W. Cockrell & Son:

It is further sought to inject into this record as one

of the facts explaining or accounting for contempt of process of the court, that no process was in fact served on them. They did not answer they say because they were not called. If this be true there is no default to be set aside. The judgment condeming them to pay is an absolute nullity. They were in fact served. The deputy sheriff, W. D. Vinzant, who made the service and endorsed the return thereof, swears that it was made, and that he remembers distinctly what was said by William H. Hellen (one of the appellants) at the time. The deputy is disinterested, and is contradicted only by William H. Hellen, who is directly interested, and upon whom the law casts the burden of the proof.

But the records import absolute verity. And this court must for all the purposes of this case accept the return as absolutely unassailably true. The sheriff's return, says the court in "Putnam vs. Mann," 3 Wend., 205, "is conclusive against the defendant in the cause in which it is made; he cannot traverse the truth of it by a plea in abatement or otherwise; but if it is false, the defendant's remedy is an action against the sheriff for a false return." Even had the application been made to the court before an adjournment of the term, to set aside the return after judgment had been rendered, it would not have been granted though the return was shown to be false, or the result of a mistake Says the Supreme Court of Alabama in "Huffaker vs. Boring," 8 Ala., 86: "If it were shown that irreparable injury would be sustained by permit-

ting the judgment to stand, as for example, if it were made to appear the sheriff could not respond in damages, it would be the duty of the court to set aside the return of the sheriff upon terms as would prevent a discontinuance of the suit."

Here it is not even claimed in the application to set aside the return that the sheriff cannot respond in damages, or that any injury would result to the appellants.

It thus abundantly appears, even were we to concede the appellants had a meritorious defense, the only ground upon which they claim or can claim they have shown a "good cause," apart from the pretense of a meritorious defense, is a ground which assails the verity of the record; and on that account is wholly inadmissible as the basis of a motion to open a default.

In Stribling vs. Hart, 20 Fla., 258, Wescott, J., speaking for the court, says : "We do not think sufficient cause was shown to open the decree. We reach this conclusion with regret, but if we are to have rules, they must be enforced."

The weight of this authority was sought to be broken in the court below on the ground that it was a case in equity, not at law. The court will see by referring to page 249 of above case that the court said : "It is a mistake to conceive that because a party is in equity, less weighty reasons will excuse his default, when he asks to open a decree in equity, than is necessary to

13

open a judgment at law. In either case the facts produced must show deceit, surprise or irregularity in obtaining judgment or decree, and the defendant has acted bona fide and with reasonable diligence."

Further on in the same case; at bottom of page 259, in referring to the case of Millspaugh vs. McBride, says "it amounts almost to a decision according to its language and head note, that a simple showing of merits is enough to call for a favorable exercise of the power, a doctrine we do not propose to establish in this State."

In this case, with all of our concessions, the utmost the appellants can claim is a "simple showing of merits." In truth the affidavits considered apart from the plea proposed, and in our judgment nothing can be looked to except the affidavits, do not make "a simple showing of merits."

Again, if the court below had no jurisdiction to set aside at the time it was moved to do so the final judgment rendered, upon the ground set up in the motion, no error can be imputed to it for denying it.

Browder vs. Faulkner, 3 South. Rep. 30, (Alabama).

This judgment is not in its terms nor by reference to the judicial power which pronounced it, by virtue of which it exists as a valid exercise of judicial power, in the slightest degree separated or distinguished from the other judgments, whether based upon the verdict of a jury, or the act of the Judge ascertaining the facts

by the pleadings, rendered by the Circuit Court and placed with the judgment in question among the minute entries of the term, constituting final, unassailable memorials of what was done by the court at that Spring term.

In Sedgwick vs. Dawkins, 16 Fla., 196, this language is used: "When a final judgment has once been pronounced, and the term at which it was given has expired, neither the court nor the parties to the record have any longer any power or control over it. It then becomes a public record with the seal of finality and truth, not to be affected, except when assailed upon the ground of fraud, want of jurisdiction or other like ground."

In "Forcheimer vs. Tarble," 23 Fla., 99, the Supreme Court approved in terms the case of Myrick vs. Merritt, 21 Fla., 799, which denied to the Circuit Judge the power "to undo or alter in vacation, under the act of 1879, (Chapter 3121) empowering the Circuit Judge to exercise in vacation any jurisdiction or power he could exercise in term time, the final disposition made of a cause in term time."

Hence in prescribing that a default at rules, upon which final judgment has been entered, might be opened within sixty days thereafter, the Legislature, Chapter 1938, Feb. 24, 1873, section 6, was careful to provide that this power continued to the court over its records even though sixty days had not elapsed, should not be pro-

jected beyond an adjournment of an intervening term of court. To continue this power for any purpose beyond an adjournment of a term would be to enable the court "to reverse or alter or undo what had been done at a previous term" so much deprecated by Judge Raney in Forcheimer vs. Tarble, 23 Fla., 99.

The language quoted above from the case of Sedwick vs. Dawkins, 16 Fla., 198, was applied by the court and the principle we are contending for recognized, in a case wherein the clerk out of term had entered a judgment entry in the minutes of the court. And it was recognized that though thus inserted, these minute entries "had become public record with the seal of finality and truth, not to be affected except when assailed upon the grounds of fraud, want of jurisdiction or like grounds." And the court in that case did set aside the judgement upon the sole ground that the clerk had no jurisdiction to enter it. It is not claimed in that case that the judgment of the Circuit Court had any less finality or fixedness because entered by the clerk at rules than the minute entries made in term upon the verdict of a jury. They were equally the judgment of the Circuit Court.

It is asserted by the appellant's counsel that "a judment by default for goods sold and delivered does not relieve the plaintiff of the necessity of proving the delivery to the defendats."

No question was made as to the proof either as to its regularity or as to its sufficiency, upon the motion to

set aside, and no question has been raised in this court on this record in the assignment of error discussed.

But the proposition of law is wholly untenable. Should this court set aside the final judgment upon the ground that it was not sufficiently supported by the proof, and the cause remanded, the only matter the defendants thus in default would be permitted to question on trial would be the amount of the damages.

The default admits the cause of action as set up in each of the several counts in the declaration (25 New Ham., 229, Wilson vs. Wilson), and each and every the material and traversible averments therein.

After default, and while the judgment of default is still in force, we submit it would be a novel proceeding to permit the defendants to come in, and, in the absence of any pleading whatever, defeat the cause of action they had confessed, by proving a non-delivery of the goods.

If it be true, as insisted by appellant's counsel, "the plaintiffs whole case proceeds upon the motion that the first Hellen & Acosta in their sale to the second Hellen & Acosta committed a fraud to which the vendees were a party;" then the defendants whole default proceeds in law upon the motion that the cause of action set up in plaintiff's declaration and in each of the several counts therein, actually exists as therein set up. There certainly never was any foundation in law or justice for the claim that one who impleads his adversary in a court of law, may be defeated because

his adversary will not by pleading tender an issue upon which the plaintiff may prove what he asserts to be true, on the one hand; and that, on the other hand, he is denied the privilege of holding his cause of action proven, when his adversary is unwilling or unable by pleading to deny the existence of the cause of action.

Ewing vs. Peck & Clark, 17 Ala., 369.

Sterrett vs. Kaster, 37 Ala., 369.

. 4 Jones Law (N. C.), 175, S. C. 67 Amer. Dec., 271.

We have presented this case so far on the concession that the refusal of the Circuit Court to set aside a default, and allow the defendant to plead, is such an order or judgment as may be assigned for error here.

It is clear that such an order was not reviewable at common law, being wholly within the discretion and control of the court to whom the motion was addressed.

See authorities cited in Ewing vs. Peck & Clark, 17 Alabama, 342.

A careful analysis of sections 1 and 2, Chapter 521, acts 1853, shows that the legislative change wrought in the practice of this State, does not cover the order or judgment appealed from; and we know of no other statutory change in the common law. It is obvious that the matters therein provided for, which this court shall hear and determine as matters assigned for error, are such matters, and none other, as are brought here by bill of exceptions. Section 2 of the act declares

that in all the enumerated cases the party grieved "shall make his exceptions in writing."

Again : This motion denied by the court was not a motion for a "new trial;" nor was it a motion "to amend the pleadings," nor "to amend the record ;" nor was a motion "to continue the cause." It was a motion to set aside a judgment and to open a default.

We submit therefore that this order refusing to open a default, even if it be erroneous, is beyond the supervisory control of this court.

No point is made, we believe, as to the amount of the damages. The cause of action being conceded, the sum recovered is abundantly supported both upon the special and common counts.

TAYLOR, J. :

On the 22nd day of March, 1888, the firm composed of H. A. Steinwender, A. C. Sellner and G. A. Steinwender, doing business under the firm name of Steinwender, & Sellner, instituted their action in assumpsit, upon an account for goods sold, etc., in the Circuit Court of Duval county, against William H. Hellen and George F. Acosta, as partners, doing business under the firm name of Helen & Acosta. Summons *ad respondendum* was issued March 22, 1888, returnable to the rule day in April, 1888, and the following return was made thereon by the sheriff : "Received this summons March 22, 1888, and served the same March 22, 1888, by delivering a true copy thereof in the county of Duval to the within named defendant Wil-

liam H. Hellen, of the firm of Hellen & Acosta." The
declaration was not filed until the rule day in May,
1888. The defendants failed to enter any appearance
either on the return day of the summons in April, or
on the rule day following in May when the declaration
was filed; and, on the rule day in May, the plaintiff
caused default judgment to be entered for want of ap-
pearance. On the 17th day of May, 1888, a term of
the Circuit Court being then in session, the plaintiffs
applied to the clerk for, and obtained, the entry of a
final judgment for the sum of $866.03, inclusive of
costs. Afterwards, on the 21st day of June, 1888, the
plaintiffs caused execution to issue. On the 22nd day
of June, 1888, the defendants by their counsel served
the following notice upon the plaintiffs' counsel:
"Take notice that we will on Monday, the 25th day of
June, at ten o'clock a. m., or as soon thereafter as we
can be heard, move before the Honorable John F.
White, Judge, at Live Oak, Florida, to open the de-
fault entered, and to set aside the judgment rendered
and entered in this case, on the ground that the de-
fendants, William H. Hellen and George F. Acosta,
partners as Hellen & Acosta, have a meritorious de-
fense to this suit, and were never at any time indebted
to the plaintiffs, and were never in anyway served with
process in this case." The hearing of this motion was
had before the Judge of the Third Circuit, because of
the absence from the State of the Judge of the Fourth
Circuit, where the cause was pending. The motion
was denied, and from the judgment and the order de-

nying the motion the defendants have taken a writ of error to this court.

At the hearing of this motion before the Judge of the Third Circuit, a demurrer and various pleas, affidavits and other exhibits copied into the record here, purport to have been presented to the judge in support of, and in resistance to, the motion. These exhibits cannot be considered by this court because the fact that they were formally presented to and considered by the court below in connection with said motion is not evidenced to this court by any bill of exceptions, or in any other manner recognized by our statutes or practice. In Broward vs. State, 9 Fla., 422, the court says : " The proper way to get facts before an appellate court, in such form as to render them evidence, is to make a statement of them in the shape of a bill of exceptions, and then get the Circuit Judge to sign and seal it, and order it.to be made part of the record." There must be something, either a formal bill of exceptions, or that which is tantamount thereto evidencing the fact that such papers were considered on the hearing of the motion, before we could consider them on writ of error. Carter vs. State, 20 Fla., 754.

The declaration in this case is as follows : " H. A. Steinwender, A. C. Sellner and G. A. Steinwender, copartners, doing business under the firm name and style of Steinwender & Sellner, by their attorneys, A. W. Cockrell & Son, sue William H. Hellen and George F. Acosta, copartners, doing business under the firm name

and style of Hellen & Acosta, hereinafter called defendants for this, to-wit: That heretofore the plaintiffs bargained, sold and delivered to Isadore M. Acosta and Joseph S. Hellen, copartners, doing business under the firm name and style of Hellen & Acosta, hereinafter called Hellen & Acosta No. 1, certain goods, wares and merchandise, more particularly set forth in the bill of particulars hereto attached as part hereof, for which the said Hellen & Acosta No. 1 promised to pay the plaintiffs the sum of eight hundred and fifty-two 32-100 dollars, but nevertheless the said Hellen & Acosta No. 1 wholly refused to pay the same or any part thereof, and still doth refuse so to do, and notwithstanding the said Hellen & Acosta No. 1, soon after receiving said goods, or about the time of actually receiving the same into their place of business on Bay street, in the city of Jacksonville, said county and State, with the intent to defraud the plaintiffs, claimed that they had sold the said goods, wares and merchandise to the defendants, the said Joseph H. Hellen being the brother of William H. Hellen, and the said Isadore M. Acosta being the brother of the said defendant George F. Acosta, and then and there the defendants under said name of Hellen & Acosta formed a partnership as aforesaid, and continued the business of the said Hellen & Acosta No. 1, at the said place of business, and then and there took possession of all and singular the said goods, wares and merchandise, and converted the

same to the use of themselves, the said defendants; notwithstanding the defendants then and there knew that the plaintiffs had not been paid for the same or any part thereof, and notwithstanding the defendants then and there knew the said Hellen & Acosta No. 1 intended thereby to defraud the plaintiffs as aforesaid. And thereby the defendants greatly damaged the plaintiffs, and the plaintiffs claim the sum of fifteen hundred dollars.

2. And for a second count the plaintiffs allege by this reference to all heretofore alleged, excepting the last paragraph next above, and further allege, and the defendants then and there promised to pay the plaintiffs the sum of $852.32, but nevertheless the defendants wholly failed to pay the plaintiffs said sum or any part thereof, and still doth refuse so to do, and the defendants have wholly failed to pay the plaintiffs the value of said goods or any part thereof, and the plaintiffs claim fifteen hundred dollars.

3. And for a third count the plaintiffs sue the defendants for this, to-wit: The defendants promised to pay the plaintiffs for certain goods, wares and merchandise, set forth in detail in the bill of particulars hereto attached as a part hereof, sold and delivered by the plaintiffs to the defendants as much as the said goods were reasonably worth, and the same were then and there reasonably worth the sum of $852.32, of which the defendants had notice, and being so indebted, the defendants in consideration thereof promised to

pay the plaintiffs said sum, but nevertheless the defendants wholly refused, and still doth refuse, to pay the same or any part thereof, and the plaintiff claims $1,500.

4. And for a fourth count, the plaintiffs sue the defendants for $852.32, money due and payable by the defendants to the plaintiffs on account stated between them, and plaintiffs claims $1,500.

5. And for a fifth count, the plaintiffs sue the defendants for $852.32, money due and payable by the defendants to the plaintiffs, for goods bargained and sold by the plaintiffs to the defendants, and plaintiffs claim $1,500."

6. And for a sixth count, the plaintiffs sue the defendants for $852.32, money due and payable by the defendants to the plaintiffs, for money had and received by the defendants to the use of the plaintiffs, and plaintiffs claim $1,590."

To this declaration there is attached as a part thereof an itemized account for various goods aggregating $852.32, which account is made out against "Hellen & Acosta," without stating the individual names of the parties composing said firm. After the entry of the default for want of appearance, the following affidavit with the following account appended was filed with the Clerk of the Circuit Court, upon which he entered the final judgment appealed from :

Hellen & Acosta v. Steinwender & Sellner.—Opinion of Court.

"Messrs. Hellen & Acosta,

Jacksonville, Fla.,

To STEINWENDER & SELLNER, Dr.

| | | | | | |
|---|---|---|---|---|---|
| 5 Brls. Old Oscar Pepper Bourbon, Spr. '83, 193.80, per galls. $2.40 | | | | | $465.12 |
| 2 Cases Pomeroy Sec. Champ., | | | quarts, 25.50 | | 59.00 |
| 2 " " " " | | | pints, 31.50 | | 63.00 |
| 2 " Fenve Cliquot " | | | quarts, 29.25 | | 58.50 |
| 2 " " " " | | | pints, 31.25 | | 62.50 |
| 2 " Dry Monopole " | | | quarts, 28.30 | | 56.60 |
| 2 " " " " | | | pints, 30.30 | | 60.60 |
| 1, " Planot & Co. Cognac, 1840 | | | | | 26.00 |
| | | | | Dray | 1.00 |

$852.32

State of Missouri, }
                        } ss.
City of St. Louis. }

Before me, the undersigned, a Notary Public in and for the city and State aforesaid, duly commissioned and qualified for a term expiring June 29, 1889, personally appeared on this fourteenth day of May, A. D. eighteen hundred and eighty-eight, A. C. Sellner, of lawful age, to me known, who being by me duly sworn, on his oath deposes and says that he is a member of the firm of Steinwender & Sellner, the within named claimants, (said firm being composed of Herman A. Steinwender, Gustavus A. Steinwender and

this affiant,) that the within demand against the copartnership of Hellen & Acosta, of Jacksonville, Florida, is, within the knowledge of affiant, just, due and unpaid; that full credit has been given by claimants to said copartnership of Hellen & Acosta for all payments and offsets to which they are justly and legally entitled, and that the amount of eight hundred and fifty-two and 32-100 dollars, as within claimed, is justly due.

Sworn to and subscribed before me this 14th day of May, 1888.

Witness my hand and Notarial seal.

[Seal.]          August Ahrens,

Notary Public City of St. Louis, Missouri.

          A. C. Sellner."

The errors assigned are as follows : "1st. The court erred in entering the default·in this case; 2nd. The court erred in rendering and entering a final judgment in this case; 3rd. The court erred in overruling the motion of the plaintiffs in error to open the default and set aside the judgment herein." And counsel for plaintiffs in error urges the second assignment on the ground "that the proof does not pretend to show the delivery to the defendants, or to anyone for them; nor does it pretend to show that they derived any benefit therefrom."

We think the second error assigned is well taken. The plaintiffs in the first count of their declaration

disclose the fact that the bill of goods sued for was sold and delivered to Joseph S. Hellen and Isadore M. Acosta, as copartners, doing business under the firm name of Hellen & Acosta, while the suit is brought against William H. Hellen and George F. Acosta, as copartners, under the same firm name of Hellen & Acosta. The purchasers named in the declaration not even being made parties to the suit. The second count in the declaration reiterates the allegations contained in the first, by reference, and then alleges a distinct promise on the part of the defendants to pay the plaintiffs for said goods. The first and second counts coupled together constitute in substance an allegation that the defendants became liable for and promised to pay the debt contracted by Joseph S. Hellen and Isadore M. Acosta, as partners. The third count alleges that the defendants promised to pay the plaintiffs for certain goods set forth in detail in the bill of particulars thereto attached. This bill of particulars is also referred to in the first count as being an exhibit of the goods sold to Joseph S. Hellen and Isadore M. Acosta. The fourth count is for money due and payable upon an account alleged to have been stated between plaintiffs and defendants. The fifth count is for money due and payable for goods bargained and sold by plaintiffs to the deefndants. The sixth and last count is for money had and received by the defendants to the use of the plaintiffs. In all these common counts the amount of the said bill alleged in the first count to have been contracted by Joseph S. Hellen and Isadore M. Acosta,

is claimed. The affidavit filed with the clerk, upon which the final judgment was entered, does not connect the defendants William H. Hellen and George F. Acosta with the indebtedness sued for in the declaration. Under the familiar rule that the *allegata et probata* must agree, this proof should at least have established some one of the counts *ex contractu* in the declaration as against the defendants; but, it does not establish any one of the counts in the declaration. It does not prove that the bill of goods sued for were ever sold or delivered to the defendants. Neither does it pretend to prove any promise by the defendants to pay for said goods. We are, therefore, forced to the conclusion that his final judgment has been illegally entered without any proper proof to sustain it. Wilson vs. Friedenburg, 22 Fla., 114. There was error, therefore, in entering it, and the court erred in refusing to set it aside. It will be proper to say that the affidavit upon which this judgment was entered was not included in the original transcript of the record sent here, though the clerk certified that such transcript constituted a true copy of "all the proceedings and a correct copy of the record of the judgment, as appears upon the files and records of" his office. This affidavit, duly certified, was subsequently supplied by consent of counsel upon its omission being called to their attention by us. This became necessary because the sufficiency of the affidavit was directly questioned in the errors assigned,

and in the position taken by counsel for plaintiffs in error in his briefs in reference thereto.

The judgment of the court below is reversed.