## G. D. McSwain, Appellant, vs. C. E. Howell, Appellee.

1. Where no exceptions are taken in the trial court to the charge of the court, either in a motion for a new trial or otherwise, it is too late to raise such objections for the first time in the appellate court.

2. When no objection is made to the introduction of testimony on the trial of a cause, the rule is that such testimony is considered as received by consent, and no objection can be urged on appeal that was not made in the trial court, except as to its sufficiency.

3. A mere recital of a ground for a new trial, based upon matters *in pais*, in a motion, is no evidence that the matters so recited are true.

4. A verdict of a jury will not be set aside as against the weight of the evidence, unless it appears to be so palpably against the evidence, or against a very strong preponderance of evidence, that great injustice seems to have been done, leading to the conclusion that the verdict was the result of prejudice, excitement, or other improper influences operating upon the minds of the jurors.

Appeal from the Circuit Court for Walton county.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell* for Appellant.

*D. L. McKinnon* for Appellee.

Mabry, J. :

This is an action at law instituted in the Circuit Court for Walton county, in the First Judicial Circuit of Florida. C. E. Howell, appellee, was plaintiff, and G. D. McSwain, appellant, was defendant in the Circuit Court.

In a special count in the declaration it is, in substance, alleged that on or about the first day of February, A. D. 1887, plaintiff and defendant entered into a contract whereby the plaintiff was to build for defendant a house in the town of DeFuniak Springs, for a house and lot in said town, the property of defendant, and estimated by plaintiff to be worth twelve hundred dollars; that it was understood and agreed by and between both parties that the defendant would

make plaintiff a deed to said house and lot at any time when called on for that purpose, as plaintiff might desire it to raise money to complete said house to be constructed for defendant, and also to enable plaintiff to carry on his business as contractor and carpenter; that soon after the making of said contract plaintiff began work on said house, agreed to be built, and called upon defendant several times while said house was in progress of construction, for the deed to said house and lot agreed to be executed, and that defendant after promising to execute said deed soon, under various pretexts put plaintiff off until just before said house was completed and then absolutely refused to execute said deed; that plaintiff completed said house according to contract, and defendant accepted and received it, and it was worth twelve hundred dollars; that defendant failed to make the said deed to said house and lot for plaintiff, or pay him anything for the said building so constructed and accepted, though often requested so to do, and which has damaged plaintiff the sum of at least five hundred dollars in addition to the value of said building, by preventing him from taking other contracts, injuring his credit and involving him in law suits with heavy costs and attorney fees.

There are other counts in the declaration. One is for twelve hundred and forty and 65-100 dollars for furnishing material and building house for defendant at his request; and the common counts for like sum of money lent by plaintiff to defendant at his request, and for like sum paid by plaintiff for use of defendant

at his request, and for like sum of money found to be due from defendant to plaintiff on an account stated between them.

A demurrer to that portion of the declaration which claims damages for refusal to execute deed to house and lot, interposed by defendant below, was sustained by the trial court.  Issue was joined upon three pleas of defendant, and the cause submitted to a jury for hearing.  The first plea—which is to the common count—is, that defendant was never indebted to plaintiff as alleged in the declaration.  The second plea, also directed to the common counts, is, that plaintiff at the commencement of said suit was and still is indebted to defendant in the sum of one hundred and thirty-eight and 75-100 dollars with interest, which sum defendant is willing to set-off against plaintiff's claim.  The third plea, directed to the special count, is, that plaintiff agreed to build for defendant a house of certain dimensions for a house owned by defendant, situated in East DeFuniak, and which was estimated to be worth eight hundred dollars; that plaintiff agreed to furnish all material and do the work in a workmanlike manner and deliver the house to defendant free from all liens of carpenters or material-men, and that defendant would then deliver to plaintiff a deed to said house and lot in East DeFuniak; that plaintiff went into possession of said house in East DeFuniak, and occupied the same, and when not in the occupancy thereof, leased it to others; that before plaintiff had made much progress on said house he desired a deed executed for the building in East De-

Funiak, but defendant did not execute said deed, as it was not agreed by defendant to execute deed until the said house was completed; that plaintiff said he was unable to carry out his contract unless he could raise money, and defendant then endorsed for plaintiff, and he received four hundred and twenty-five dollars thereon; and that after the house was considered completed by plaintiff, and before the commencement of this suit, defendant executed and tendered a deed to plaintiff for the house and lot as agreed upon, and that he was always ready and willing to execute said deed after the said house was completed. Upon these pleas issue was joined and the jury to whom the cause was submitted, rendered a verdict in favor of the plaintiff for eight hundred and forty-two dollars and sixty-six 2-3 cents.

A motion for a new trial was made by defendant, McSwain, on the alleged grounds that: (1) "The verdict of the jury was contrary to the evidence." (2) "The verdict of the jury is against the weight of evidence." (3) "The verdict of the jury is unsupported by the evidence." (4) "The verdict of the jury is contrary to law." (5) "The verdict of the jury is against the charge of the court." (6) "The jury permitted the bailiff to come into their room during their deliberations, and was asked something in reference to his opinion about the case then under consideration." This motion was overruled, and defendant appealed.

Appellant, McSwain, assigns in this court the fol-

lowing as errors:   1st. The court erred in admitting evidence to prove the value of the house and of the material used in building the house charged in plaintiff's bill of particulars filed.   2d.   The court erred in its charge to the jury, in substance, that the plaintiff could recover in this action notwithstanding the evidence might show that the plaintiff accepted an endorsement by the defendant to aid in building the house after defendant had refused a deed to plaintiff. 3rd.   The court·erred in refusing to set aside the verdict and grant a new trial.   4th.  The court erred in its charge to the jury, stating in substance, that the plaintiff could recover in this action though the jury should believe from the evidence that there was an express contract between the parties and that the house and lot of the defendant in East DeFuniak was the consideration agreed upon by the parties for the building and furnishing material of the house by the plaintiff for the defendant.   5th.   The court erred in overruling the motion of the defendant for a new trial.

The first, second and fourth assignments of error endeavor to raise questions which we cannot consider. No exception whatever was taken to the charge of the court or any part thereof, either in the motion for new trial or otherwise, and it is too late to raise objections to the charge of the trial court for the first time in the appellant court.   This question has been so thoroughly considered in recent decisions of this court that we deem it unnecessary to go over the au-

thorities again. Parrish vs. Pensacola & Atlantic R.
R. Co., 28 Fla., 251; 9 South. Rep., 696; Richardson
vs. State, 28 Fla., 349; 9 South. Rep., 704; Pinson vs.
State, 27 Fla., 28; 9 South. Rep., 706. We are not at
liberty to disregard the rule announced in these de-
cisions. It does not appear from the bill of excep-
tions before us that any objection was made to the in-
troduction of any testimony on the trial of this cause.
The rule on this subject is, that where no objection is
made to the introduction of testimony it is considered
as received by consent, and no objection can be urged
here that was not taken in the court below, except as
to its sufficiency. Tuten vs. Gazen, 18 Fla., 751. No
objection having been made to any testimony in the
circuit court, such objections cannot be raised here.

The third and fifth assignments of error are the
same, and present as error the overruling of the mo-
tion for a new trial. The various grounds of the
motion for a new trial may be considered under two
heads : First, that the verdict of the jury is unsup-
ported by the evidence; and, second, that the jury
permitted the bailiff to come into their room during
their deliberations, and was asked something in ref-
erence to his opinion about the case then under con-
sideration. The bill of exceptions shows that the mo-
tion for a new trial was overruled, but it is silent as to
what evidence, if any, was introduced on the hearing
of the motion to sustain any ground thereof. A mere
recital of a ground for a new trial, based upon matters

*in pais*, in a motion is no evidence that the matters so recited are true.    See authorities, *supra*.

We find copied into the record an affidavit made by one J. R. Tucker, who says that he was bailiff of the jury in the case of C. E. Howell, plaintiff, vs. G. D. McSwain, defendant, and that "during the deliberations he is satisfied the jury asked him something in reference to the case then under consideration; the exact words or language he does not now remember."    We do not concede that the statements of this affidavit are sufficient to authorize the setting aside of the verdict, but if we were to admit this much, we would be unable to refer to the affidavit in passing upon the ruling of the motion, for the reason that there is nothing to show us that it was used in evidence on the hearing of said motion in the circuit court.    In reviewing decisions of trial courts based upon matters *in pais*, a bill of exceptions, or something tantamount thereto, is necessary in order to bring such matters before the appellate court.    Hellen vs. Steinwender, 28 Fla., 191; 10 South Rep., 207. Here we have no such evidence, and hence nothing to sustain the ground alleged in reference to the bailiff going into the jury room.

We have examined the evidence certified to us by the bill of exceptions, and, without going into a discussion of it in this opinion, state our conclusion that there is no error in the action of the court in overrul-

ing the motion for a new trial on the ground that the verdict is unsupported by the evidence. In Wilson vs. Dibble, 14 Fla., 47, it is said: "Where a verdict is so palpably against evidence or against a very strong preponderance of evidence that great injustice seems to have been done, leading to the conclusion that the verdict was the result of prejudice or excitement or other improper influences, there should be no hesitation in setting it aside." Here it was held that a new trial should not be granted as against the weight of evidence unless the preponderance is such as to warrant the opinion that the verdict was produced by improper influences. In the case before us there is a conflict between the evidence produced by plaintiff and the defendant, and under the rules on this subject announced in our decisions we are unable to say that the verdict was unsupported by the evidence. Nickels and Gautier vs. Mooring, 16 Fla., 76; Schultz vs. Pacific Insurance Co., 14 Fla., 73.

The judgment of the Circuit Court is affirmed.