THE STEARNS & CULVER LUMBER COMPANY, A COR-
PORATION, *Plaintiff in Error,* v. Z. S. ADAMS, *De-
fendant in Error.*

1. An assignment of error that "the court erred in rendering judg-
ment for the plaintiff in said cause," is too general to be con-
sidered by this court.

2. Where assignments of error are based on charges given by the
court to the jury, and there is no motion for a new trial em-
bracing such alleged erroneous charges and it does not appear
from the record that exceptions were taken to them, such
assignments cannot be considered.

This case was decided by Division B.

Writ of Error to the Circuit Court for Walton
County.

The facts in the case are stated in the opinion of the
court.

*Bllount & Blount & Carter* and *Daniel Campbell &
Son,* for plaintiff in error;

*J. F. Watson,* for defendant in error.

HOCKER, J.—On December 3d, 1906, the defendant
in error sued the plaintiff in error in the circuit court of
Walton county in an action of trespass to recover dam-
ages for cutting and removing logs from 160 acres of
the plaintiff's land, and for injuring the soil of the
same by cutting up and packing the same by the passing
of carts and teams and other damages thereto, set forth
in the declaration. Pleas of not guilty, that title was
in the defendant, and that the defendant did what was
complained of by plaintiff's leave were filed, issue joined
thereon, and the case tried at the April term, 1907.
There was a verdict and judgment for the plaintiff which
the plaintiff in error seeks to reverse here. No motion
was made for a new trial, and no exception appears to
have been taken to any one of the charges of the court.

26

The first assignment of error is, that "the court erred in rendering judgment for the plaintiff in said cause." This assignment is too general to be considered as it is broad enough to cover the whole record and every feature of the trial.

The fifth, sixth and seventh assignments, the only ones argued, relate to charges given by the court to the jury, to which we have not found in the record that any exceptions were taken; and there is no reference either in the index or the assignments, or in the brief of plaintiff in error to the pages of the transcript where such exceptions may be found. These assignments therefore cannot be considered.

No error being shown, the judgment of the circuit court is affirmed at the cost of the plaintiff in error.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.