P. M. STEELE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed January 19, 1923.

1. A ruling of the trial court excluding proffered proof tending to discredit, by showing his interest, the evidence of the principal state witness in a criminal prosecution, is not erroneous where the transaction alleged to show such interest fully appears from other evidence which was admitted.

2. Where the trial judge certifies that the bill of exceptions contains all the evidence introduced at the trial "with the exceptions of the exhibits," the sufficiency of the evidence to sustain the verdict cannot be considered by the appellate court where such exhibits are not by apt language in the bill of exceptions made a part of it and so identified and authenticated as that there can be no doubt of their identity, although certain documents purporting to have been offered in evidence in the trial are exhibited to the appellate court pursuant to order of the trial court "to send up to the Supreme Court all the original exhibits introduced at the trial."

3. Where assignments of error are based on charges given by the court to the jury, and there is no motion for a new trial embracing, as grounds therefor, such alleged erroneous charges, and it does not appear from the record that exceptions were taken to them, such assignments cannot be considered.

A Writ of Error to the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Affirmed.

*D. Stuart Gillis*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

WEST, J.—In an indictment containing two counts plaintiff in error was charged with forgery and uttering a forged instrument. The trial upon this indictment resulted in a verdict of guilty as charged. Motion for new trial was made and granted as to the first count charging forgery, but denied as to the second count charging the uttering of a forged receipt. To review the judgment imposing sentence writ of error was taken.

The ruling of the trial court denying defendant's motion to require the State to elect between the two counts of the indictment before proceeding with the trial is assigned as error, but this assignment is abandoned.

The second assignment is based upon a ruling excluding certain proffered proof tending to discredit, by showing his interest, the evidence of the principal State witness. The alleged forged writing, for the uttering of which defendant was convicted, purported to be a receipt from this State witness to the defendant for money, acknowledging payment of the amount stated in the receipt, upon an indebtedness due by defendant to the witness, as mortgagee, and secured by a mortgage of defendant upon farm lands owned by him. It was uttered by being offered in evidence by defendant before the master in proof of payment, or partial payment, in a suit to foreclose the mortgage, in which suit the property was sold and purchased by the witness. So far as the record discloses, the foreclosure suit was finally determined before the trial of this case. Even if the proffer were properly made the ruling cannot be said to be harmful, for the reason that this interest, if interest affecting the witness' credibility may be said to result from the transaction stated, was undisputed and amply appeared from other evidence of the transaction, and could therefore be cumulative proof only and upon a collateral

issue. The ruling excluding it was therefore not erroneous. Barker v. State, 76 Fla. 164, 79 South. Rep 436; Settles v. State, 75 Fla. 296, 78 South. Rep. 287; Danford v. State, 53 Fla. 4, 43 South. Rep. 593; Wooldridge v. State, 49 Fla. 137, 38 South. Rep. 3.

By his motion for new trial the defendant presented the question of the sufficiency of the evidence to support the verdict. This ruling is not presented by the record in such a way that it may be reviewed. The certificate of the trial judge to the bill of exceptions is that it contains all the evidence introduced at the trial "with the exceptions of the exhibits." There is an order directing the clerk of the trial court "to send up to the supreme court all the original exhibits introduced upon the trial," and a number of original papers purporting to be exhibits were brought with the record to this court, but none of them are so identified and authenticated by the bill of exceptions as to be considered a part of it. Florida Land Inv. Co. v. Williams, 84 Fla. 157, 92 South. Rep. 876; Florida Land Inv. Co. v. Williams, 83 Fla. 251, 91 South. Rep. 177. Since the bill of exceptions does not contain all of the evidence this question cannot be considered. Special Rule 1, Rules of Circuit Courts—Law Actions; Webb. v. Brown, 63 Fla. 306, 58 South. Rep. 27; Melrose Mfg. Co. v. Kennedy, 59 Fla. 312, 51 South. Rep 595; Pope v. State, 56 Fla. 81, 47 South. Rep. 487.

In the brief and in the oral argument of the case here it was contended that charges given by the court to the Jury are infected with error. No special charges were requested, nor were any of the charges given made grounds for the motion for new trial. Not having been excepted to either in a motion for new trial or otherwise, the alleged error is not presented for review by this court. Sec. 2700 Rev. Gen. Stats; Stearns & Culver Lbr. Co. v. Adams; 55

Fla. 401, 45 South. Rep. 847; McSwain v. Howell, 29 Fla. 248, 10 South. Rep. 588.

No error having been made to appear the judgment will be affirmed.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.