SYLVESTER KIRCH AND ARTHUR KIRCH, *Plaintiffs in Error,*
v. J. C. PERSINGER FOR THE USE AND BENEFIT OF JAMES
F. DYKEMAN, *Defendant in Error.*

Opinion Filed April 5, 1924.

1. Documents offered in evidence if properly identified or authenticated may be made part of the bill of exceptions by being attached thereto as exhibits if definitely referred to and expressly made a part of the bill of exceptions and there can be no doubt of their identity with the documents offered in evidence which they are or represent.

2. All the corners marked in the surveys, returned by the surveyor-general, shall be established as the proper corners of sections, or subdivisions of sections, which they are intended to designate; and the corners of half and quarter sections, not marked on the surveys, shall be placed as nearly as possible equidistant from two corners which stand on the same line.

3. The boundary lines, actually run and marked in the surveys returned by the surveyor-general, shall be established as the proper boundary lines of the sections, or subdivisions, for which they were intended, and the length of such lines, as returned, shall be held and considered as the true length thereof.

4. It is well settled that where a line was actually run and a division made in an original survey of land by the government, and the line of division was marked by corners or natural objects, and such survey be established in accordance with the government field notes, the grantee in a patent from the government will take according to such survey, notwithstanding any mistaken description as to courses and distances or the quantity of land to be surveyed.

5. It is also well settled that the description of land and plat or original survey filed in the General Land Office, as made by the surveyor-general from the field notes, are conclusive

and the section lines and corners as laid down in the descriptions and plat are binding upon the General Government and upon all parties concerned.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Judgment reversed.

*Oliver & Parker*, for Plaintiffs in Error;

*R. B. Huffaker*, for Defendant in Error.

PER CURIAM.—J. C. Persinger for the use and benefit of James F. Dykeman brought suit in ejectment against Sylvester and Arthur Kirsch to recover the possession of a strip of land extending across the East and of the Southwest quarter of the Northeast quarter of the Northeast quarter of Section 22, Township 29 South, Range 27 East, thirty-four feet wide on the South end, and nineteen feet, five inches wide on the North end, and five hundred dollars damages for mesne profits thereon.

The plea of not guilty was entered, a trial was had, and the jury returned a verdict finding that the plaintiff was entitled to recover from the defendants a strip of land across the East end of the Southwest quarter of the Northeast quarter of the Northeast quarter of Section 22, Township 29 South, Range 27 East, Polk County, Florida, thirty-four feet wide on the South end, and nineteen feet, seven inches wide on the North end. Motion for new trial was denied, final judgment was entered, and defendants took writ of error.

The refusal of the trial court to direct the jury to return a verdict for defendants and denial of the motion for new trial are all the errors assigned as a basis for reversal.

Defendant in error contends that this court cannot properly consider either of these assignments because certain documentary evidence in the way of deeds and plats introduced at the trial by plaintiff and defendants are not copied into the bill of exceptions, but are included in the record proper.

On this question the rule seems to be that documents offered in evidence if properly identified or authenticated may be made part of the bill of exceptions by being attached thereto as exhibits if definitely referred to and expressly made a part of the bill of exceptions and there can be no doubt of their identity with the documents offered in evidence which they are or represent. Florida Land Inv. Co. v. Williams, 83 Fla. 251, 91 South. Rep. 177, and cases there cited.

On inspection of the whole record we think that there can be no doubt that the deeds and plats introduced in evidence at the trial and which are copied into the record proper are properly identified and may be considered as attached to the bill of exceptions; that there can be no doubt of their identity and that they are regularly before the court for the purpose of disposing of this appeal.

Plaintiffs and defendants all claim title to the lands in question from a common source, the Florida Highlands Company. It appears that the Florida Highlands Company by deed dated June 30, 1914, sold to J. C. Persinger the Southwest quarter of the Northeast quarter of the Northeast quarter of Section 22, Township 29 South, Range 27 East, containing ten acres more or less, which pany by deed dated June 30, 1914, sold to J. C. Persinger and wife to James F. Dykeman by deed dated May 10, 1920. The lands involved in this litigation being embraced in the foregoing described lands. It further appears that by deed dated April 24, 1914, the Florida Highlands Com-

pany sold to Sylvester and Arthur Kirch the Southwest quarter of the Northeast quarter of the Northeast quarter of Section 22, Township 29 South, Range 27 East, containing ten acres more or less.

Subsequent to these sales by the Florida Highlands Company a question was raised as to the location of the East boundary line of Section 22 as above, and the question presented for our solution turns on the correct location of this line. The evidence shows that there was no dispute as to the location of the Northeast and the Southeast corners of Section 22; that the East boundary of Section 22 was surveyed at one time by J. H. Hancock, the County Surveyor, and at another time by A. C. Nydegger, a civil engineer; that the Hancock Survey was a straight line connecting the Northeast and the Southeast corners of Section 22, while the Nydegger survey made an angle of about three degrees at the quarter corner of Section 22, being at this point sixty-seven and one-half feet West of the Hancock Survey, and that adjacent to the lands described in the Kirch deed there was a strip of land between the Hancock and Nydegger surveys, the identical dimensions of the strip of land involved in this litigation.

When the sales by the Florida Highlands Company as herein referred to were made all the purchasers were shown the corners of their respective purchase, and when the deeds were executed they ran to the quarter quarter quarter of Section 22. The verdict of the jury on which judgment was entered was for the plaintiff, which in effect removed the Southeast corner of the lands of Dykeman and Kirch thirty-four feet eastward, and fixed the Hancock survey as the East boundary of Section 22. We think the verdict and judgment were unwarranted by the evidence.

The Hancock survey of the East boundary of Section

22 was made in 1921, was not run on the ground, but was merely a straight line connecting the Northeast and Southeast corners of Section 22, and there was no evidence that it retraced the original government survey. The Nydegger survey was made in 1914. There is unmistakable evidence that the Nydegger survey retraced the original government survey of the East boundary of Section 22 as returned and approved by the Surveyor General in 1853, he (Nydegger) having testified that he found the Northeast, Southeast and quarter corners as originally located, and between the Southeast and quarter corners he found the line trees hacked by the Federal surveyors in locating this line. Old settlers also testified that the East boundary of Section 22 as run by Nydegger has always been recognized as the correct boundary thereof prior to the recent location of the asphalt road along the Hancock survey when everybody moved up to the road.

Section 4804, Compiled Statutes of the United States, is controlling on this point, the pertinent provisions being as follows:

"First. All the corners marked in the surveys, returned by the Surveyor General, shall be established as the proper corners of sections, or subdivisions of sections, which they are intended to designate; and the corners of half and quarter sections, not marked on the surveys, shall be placed as nearly as possible equidistant from two corners which stand on the same line.

"Second. The boundary lines, actually run and marked in the surveys returned by the Surveyor General, shall be established as the proper boundary lines of the sections, or subdivisions, for which they were intended, and the length of such lines, as returned, shall be held and considered as the true length thereof."

It is well settled that where a line was actually run

and a division made in an original survey of land by the government, and the line of division was marked by corners or natural objects, and such survey be established in accordance with the government field notes, the grantee in a patent from the 'government will take according to such survey, notwithstanding any mistaken description as to courses and distances or the quantity of land to be surveyed.    Stonewall Phosphate Co. v. Peyton, 39 Fla. 726, 23 South. Rep. 440.

It is also well settled that the description of land and plat of original survey filed in the General Land Office, as made by the Surveyor General from the field notes, are conclusive and the section lines and corners as laid down in the descriptions and plat, are binding upon the General Government and upon all parties concerned.    Tolleston Club of Chicago v. State, 141 Ind. 197, 38 N. E. Rep. 214, 40 N. E. Rep. 690; Horn v. Smith, 159 U. S. 40, 15 Sup. Ct. Rep. 988; Clark on Surveys and Boundaries, 45.

We think therefore that the East boundary of Section 22, Township 29 South, Range 27 East, as run by Nydegger was in fact the East boundary of that Section as surveyed and approved by the Surveyor General in 1853, and since the deed from the Florida Highlands Company to defendant in error carried the Southwest quarter of the Northeast quarter of the Northeast quarter of said Section 22, his boundaries are controlled by those actually surveyed and approved by the Surveyor General.    The same rule would also be controlling as to boundaries of the lands of plaintiffs in error.

The judgment below is reversed and the cause remanded for proceedings in line with the view as expressed in this opinion.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND BROWNE, J., concur in the opinion,

ELLIS AND WEST, J. J., dissent.

WEST, J.—Dissenting.

The consideration of the assignments in this case depends upon whether all of the evidence is contained in the bill of exceptions. The trial judge certifies that it does contain all the evidence, but certain deeds and plats recited in the bill of exceptions to have been offered and admitted in evidence are not incorporated in the bill of exceptions nor physically attached to and made a part of it or so designated as that their identity is unmistakable. There are, however, in the record copies of deeds corresponding in parties and dates to the recitals in the bill of exceptions and plats bearing file marks such as ''Plaintiff's Exhibit 'A' Filed in evidence April 6, 1922.'' If these documents are not so referred to in the bill of exceptions and so designated that they may with reasonable certainty be identified, they cannot be regarded as a part of the bill of exceptions. Florida Land Inv. Co. v. Williams, 83 Fla. 251, 91 South. Rep. 177; Steele v. State, 85 Fla. 57, 95 South. Rep. 299; F. E. C. Ry. Co. v. Buckles, 85 Fla. 416, 96 South. Rep. 397. There is nothing on the documents themselves to indicate that they are part of the bill of exceptions in this case, nor is there anything in the bill of exceptions itself or elsewhere in the record to indicate that they were a part of the bill of exceptions which was presented to and authenticated by the trial court. In the directions of the plaintiff in error to the Clerk of the Circuit Court for making up the transcript of the record these documents are enumerated as if they were separate from the bill of exceptions.

With respect to plaintiff's exhibit "A" the bill of exceptions contains the following recital: "Counsel for plaintiff offers in evidence certified copy of deed from the Florida Highlands Company to Jessie C. Persinger, dated June 30, 1914. There being no objection to same, said deed is filed in evidence as Plaintiff's Exhibit 'A.' There is copied in the record, not in the bill of exceptions, a deed of this description bearing the following file mark: "Plaintiff's Exhibit 'A' filed in evidence April 6, 1922. J. D. Raulerson, Clerk Circuit Court." There is nothing on this deed itself to indicate in what proceeding it was filed, nor that it was presented to the trial judge along with the bill of exceptions, nor is it attached as an exhibit or authenticated in any way whatever as a part of the bill of exceptions in this cause.

The bill of exceptions contains like recitals about other deeds referred to as exhibits, and deeds similarly endorsed but not authenticated by the trial judge or identified as a part of the bill of exceptions are contained in the record but not in the bill of exceptions.

As to plaintiff's Exhibit "C" the bill of exceptions contains the following recital: "Counsel for plaintiff offers the above referred to diagram in evidence. There being no objection, same was filed in evidence as plaintiff's Exhibit 'C.'" There is in the record, not in the bill of exceptions, a plat bearing the following file mark: "Plff. Ex. 'C' Filed in evidence April 6, 1922. J. D. Raulerson, Clerk." There is nothing on this plat to indicate in what proceeding it was filed, nor that it was presented to the trial judge along with the bill of exceptions, nor is it attached as an exhibit or authenticated in any way whatever as a part of the bill of exceptions in this case.

The bill of exceptions contains like recitals about other plats referred to as exhibits, and plats similarly endorsed

but not authenticated by the trial judge or identified as a part of the bill of exceptions are contained in the record but not in the bill of exceptions.

Defendant's Exhibit "E" which, according to a recital in the bill of exceptions, is a sketch or plat prepared by the witness and offered in evidence, is not in the bill of exceptions nor in the record proper.

When a litigant in the preparation of his bill of exceptions elects not to incorporate in it documents which were offered and received in evidence, if he desires to have such documents considered as a part of the bill of exceptions by the Appellate Court, should not be required to do less than have such documents so referred to and described in the duly authenticated bill of exceptions that proof *aliunde* is not necessary to establish their identity and show that while detached from, they are in fact a part of the bill of exceptions, and the reference and identity should be such that a stranger to the proceedings may easily assemble the several documents constituting the one instrument, namely, the bill of exceptions. The relationship or identity is not a matter that may rest in the knowledge or memory of an individual. The bill of exceptions is a part of a record, and if it consists of separate documents they should be so tied together by reference and identifying marks that by referring to the documents themselves the bill of exceptions and all its parts may be identified by one not familiar with the proceedings.

In view of the foregoing, it seems to me that the contents and verity of the bill of exceptions in this case are not such as to justify a reversal of the judgment upon the ground that the verdict is not sustained by the evidence.

ELLIS, J., concurs in this dissent.