W. D. WARD and G. W. WARD v. STATE.

166 Sou. 563.

Division B.

Opinion Filed March 12, 1936.

*Wells & Hall,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant for the State.

PER CURIAM.—The writ of error brings for review a judgment of conviction of the offense of larceny of three certain cows.

The only contention made by the plaintiffs in error is that reversible error occurred by reason of the giving of a charge as follows, which was given by the court of its own motion, to-wit:

"The law is that where one is found in the possession of recently stolen property, and does not make a creditable explanation as to how he came into possession of such property, it is *prima facie* evidence of his guilt of the larceny of that property.

" 'Possession' does not always necessarily mean the 'actual manual possession' of the defendant himself. One may be in possession of property through an agent, and have it through another's care but it must be under his control.' 'Possession' means 'control.' "

The above charge does not correctly state the law, but the record does not show that the defendants requested a charge stating the law correctly. The only notation of exceptions to the charge is that which appears following all the charges given by the court which is "and to which charges the defendants then and there noted their exceptions."

The particular charge complained of was not called to the attention of the court and exception particularly noted thereto. Neither was there any contention made in the motion for new trial that any of the charges given by the court were erroneous, nor was the giving of the particular charge now complained of pointed out as a ground for new trial in the motion for new trial.

If the defendants had any objections to the particular charge which is now complained of, they should have called the matter to the attention of the court by an exception to that charge before the jury retired to consider its verdict and thereby have given the trial court the opportunity to correct, modify or explain the charge as given to the jury; and, failing to do this, it further became the duty of the defendants, when presenting their motion for a new trial, to therein point out what they conceived to be an erroneous charge so that the trial court might have then considered and passed judgment on the validity and sufficiency of the same.

It is well settled that objections to charges cannot be considered unless raised in the court below in one of the modes provided by law. Spanish v. State, 72 Fla. 420, 73 Sou. 230; Williams v. State, 32 Fla. 251, 13 Sou. 429; Bynum v. State, 46 Fla. 142, 35 Sou. 65; Glover v. State, 22 Fla. 493; Stearns, etc., Lbr. Co. v. Adams, 55 Fla. 401, 45 Sou. 847; Steele v. State, 85 Fla. 57, 95 Sou. 299; McSwain v. Howell, 29 Fla. 248, 10 Sou. 588; Frances v. State, 6 Fla. 306.

Therefore, the judgment must be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.