100 So.2d 817 (1958)
Wilbur BISHOP et al., Appellants,
v.
Ralph A. JOHNSON and Wife, Frances L. Johnson, Appellees.
No. A-157.
District Court of Appeal of Florida. First District.
February 18, 1958.
Rehearing Denied March 20, 1958.
*818 Lazonby, Dell, Graham & Willcox, Gainesville, for appellants.
Angus W. Harriett, Palatka, for appellees.
WIGGINTON, Judge.
This is an interlocutory appeal from a partial summary decree entered by the Circuit Court of Putnam County.
Suit was brought by plaintiffs, the appellees here, to quiet title to portions of a certain peninsula of land which extends westerly from the eastern shore of and into the navigable waters of Water Pen Lake, commonly known as Cow Pen Lake, in Putnam County.
Appellees, as plaintiffs at trial, claimed title by mesne conveyances out of the United States Government, and, further, alleged title by adverse possession under F.S. Chapter 95, F.S.A. Appellants claimed record title under deed from the Trustees of the Internal Improvement Fund, and as owners of the mainland to which the peninsula is physically attached. By counterclaim appellants asserted title by adverse possession as against appellees and all persons claiming under them. On motion for summary decree the Chancellor entered a decree finding record title in appellees, but reserved ruling on the question of adverse possession for further proceedings. It is from the decree as to record title that defendants perfected this appeal.
A copy of the map showing the contended location of the disputed lands is here inserted for convenience and clarity of explanation:

*819 During the last quarter of the year 1849 an official federal government survey was made of lands now constituting Sections 20, 21, 22, 27, 28 and 29 of Township 10S, Range 23 East. From this survey, and the field notes compiled as an incident thereto, an official township plat was constructed, approved and recorded.
This peninsula as it is identified by the government survey plat is depicted above by the letter "P", and consists of Lot 9 of Section 21, containing 12.10 acres, and Lot 3 of Section 22, containing 40.13 acres.
By patent dated November 18, 1903, the United States conveyed Lot 9 of Section 21 and Lot 3 of Section 22, both lying in Township 10 S, Range 12 E, to the State of Florida. Thereafter, on September 16, 1927, the Trustees of the Internal Improvement Fund conveyed both lots to one Phillip Bersch, who, on August 8, 1953, conveyed them to the appellees. It is under title thus dereigned that appellees based their claim.
Late in 1949 a private survey was conducted from which it was concluded that the peninsula, designated as Lots 9 and 3, was actually situated south and west of the point shown on the official plat. According to this private survey, the peninsula is appended to the mainland at the Northwest corner of Lot 1, in Section 27, as shown by the letter "E" on the above map. In reliance upon this private survey, and under the mistaken belief that there existed a second peninsula, the Trustees of the Internal Improvement Fund issued to appellants as grantees a deed which purported to convey, by metes and bounds, the peninsula described in the aforementioned private survey. Some time after July 6, 1950, the date of the last mentioned deed, appellants acquired title to the northern portion of Lot 1, Section 27. Appellants rely upon the deed of July 6, 1950, and the subsequent deed to Lot 1 in asserting their title to the disputed peninsula.
It is admitted by the parties hereto that there is, in fact, only one peninsula extending westwardly from the east shore of the lake and into the waters thereof.
Appellants take the position that, according to the private survey upon which they rely, the area described in the official township survey and plat as Lots 9 and 3 actually encompasses an underwater body of land lying on the bottom of the lake at a point entirely north of the actual peninsula. It is appellant's further contention that as record owners of the northern portion of Lot 1, Section 27, to which  according to private survey  the disputed peninsula is attached, they are vested with title to the land comprising the peninsula itself. This on the theory that the peninsula constitutes a finger of land cut off by meander lines around a body of water, and omitted from the Government Survey, and as such should be deemed a part of and as having passed with title to Lot 1.
It is to be noted at the outset that the government survey of 1849 did not merely ascertain or identify the disputed lands, but created Lots 9 and 3, in Sections 21 and 22 respectively, being that peninsula lying in Township 10 S, Range 23 East.[1] As heretofore stated, the parties admit that there is but one such body of land appended to the east shore of Water Pen Lake. This peninsula, as created, designated and described by government survey, was conveyed through various mesne conveyances to appellees. The mere fact that a subsequent private survey shows an error by the United States Deputy Surveyor in locating the peninsula on the official plat is immaterial, since the latter survey is not admissible in evidence to affect or change the lines or location of land sold in accordance with an official government survey and plat.[2]
*820 It is well settled that the description of land and plats from field notes of an original survey filed in the General Land Office are conclusive, and section lines and corners as laid down therein are binding upon the General Government and all parties concerned.[3] When lands described in a deed are by reference to or in accordance with a plat or survey, the courses, distances and other particulars appearing on the plat are to be as much regarded as if expressly set forth in the deed itself.[4] The plaintiff and his predecessors in title acquired the land in question with reference to the official government plat which showed the property purchased to be a peninsula of land designated as lying in Sections 21 and 22, and extending from the eastern shoreline westward into the lake. The defendants are charged with knowledge, either actual or constructive, that the peninsula in question had been surveyed, platted and conveyed by the sovereign with reference to and in accordance with the official plat and that title thereto had become vested in the plaintiffs long before the defendants sought to acquire the lands by reference to a private resurvey. A resurvey that purports to change lines or distances or to otherwise correct inaccuracies and mistakes in an old plat is not competent evidence of the true line fixed by the original plat.[5] Accordingly, it must be concluded that, as between the parties hereto, the government survey is paramount.[6]
Further, there being but one peninsula, appellants' contention that title thereto vests in them as owners of the mainland to which it is attached on the theory that it is an unsurveyed finger of land cut off by meander lines is untenable. According to the undisputed facts, the only existing peninsula was actually surveyed and platted by the United States Government while the land was a part of the public domain; and title thereto was subsequently vested in appellees. Such facts cannot be overcome by an attack upon alleged inaccuracies in the government survey attempted to be shown by an inadmissible private survey. Appellants being thus without evidence to overcome appellees' established record title, it must be concluded that a summary decree for appellees was proper.[7]
Therefore, we are of the opinion that the Chancellor properly entered a summary decree finding title to the disputed peninsula to be vested in appellees. Accordingly, the decree appealed from must be and is hereby affirmed.
STURGIS, C.J. and O'CONNELL, STEPHEN, C., A.J., concur.
NOTES
[1] Mexico Beach Corporation v. St. Joe Paper Company, Fla. 1957, 97 So.2d 708; Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332; Sawyer v. Gray, D.C., 205 F. 160; 73 C.J.S. Public Lands § 31.
[2] Liddon v. Hodnett, 22 Fla. 442, 465.
[3] Kirch v. Persinger, 87 Fla. 364, 369, 100 So. 166.
[4] Mexico Beach Corporation v. St. Joe Paper Company, supra.
[5] Akin v. Godwin, Fla. 1950, 49 So.2d 604, 607.
[6] Miller v. White, 23 Fla. 301, 2 So. 614.
[7] Connolly v. Sebeco, Inc., Fla. 1956, 89 So.2d 482.