## GEORGE T. WILLIAMS
### v.
## HUGH DALY.

*Sales—Real Property—Merchantable Title—Copy of Abstract—Deposit —Recovery of—Evidence—Bill of Exceptions.*

1. In an action to recover a deposit under a contract for the sale of real estate upon the ground that the merchantable title contracted for had not been offered, this court declines, in view of the evidence, to interfere with the judgment in behalf of the plaintiff.

2. A would-be purchaser is not obliged to extend the time in which to furnish such abstract, but is entitled to rescind upon the expiration of the time agreed upon, and have his deposit paid over.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. HANECY & MERRICK, for appellant.

Mr. J. W. WAUGHOP, for appellee.

GARY, J. If any cause exists in the evidence introduced on the trial of this case in the Superior Court, for the reversal of the judgment therein, on this record it does not appear. The bill of exceptions refers to much documentary evidence, but does not incorporate it. Exhibits A, B, C, D, and E are in the bill. Following the sheet on which is the signature of the judge, and preceding that on which is a stipulation of the parties to use the original bill, as part of the record here, are several sheets, marked respectively "Exhibits A, B, C, D, E."

Following the stipulation are several blank sheets, and then a stiff brown paper sheet on which the file mark of the clerk of the Superior Court appears. It is a plausible conjecture that those sheets marked "Exhibits" are those that should have

been inserted in the bill of exceptions, but it is the signature of the judge that authenticates, though the party is responsible for the sufficiency and certainty of the bill. Emerson v. Clark, 2 Scam. 489; Rogers v. Hall, 3 Scam. 5; Liverpool v. Sanders, 26 Ill. App. 559; C. M. & St. P. Ry. Co. v. Yando, 26 Ill. App. 601; same case, 127 Ill. 214.

But looking at everything that has been brought here, the judgment is right. The appellee made a deposit of $200 on a purchase of real estate, and contracted for a merchantable abstract. The abstract offered seems to have been made by taking a copy in writing from a former abstract made by another office, taking a letter press copy from that copy and from the letter press copy, copying again. The original abstract was not presented.

Treating the question of what is a merchantable abstract, as the part'es themselves do, as one of fact, the finding of the judge of the Superior Court is supported by a preponderance of the evidence. It appears that the examination of abstracts, and passing upon titles, is generally done by lawyers. Three of them testified that the abstract was not merchantable; none to the contrary. Three real estate dealers thought it was merchantable, apparently because they thought lawyers would accept it.

The appellee was not obliged to extend the time for furnishing an abstract, but was entitled to rescind and have his deposit back.

*Judgment affirmed.*