### CAPLE v. SWITZER.

MORTGAGES — DESCRIPTION OF PROPERTY — EXCEPTIONS — AFTER-
ACQUIRED TITLE—COVENANTS OF WARRANTY.

    Though a deed excepting from the grant "a part assigned to a
      widow as her dower interest" be construed as excepting the
      fee of the part assigned, and not merely the widow's life
      estate, if the grantee mortgages the entire land "except the
      life estate of the widow," title subsequently acquired by him
      from the remainderman will inure to the mortgagee, under
      covenants of warranty contained in the mortgage.

Error to Gratiot; Daboll, J.    Submitted January 5,
1900.    Decided January 23, 1900.

Ejectment by John S. Caple and Andrew J. Hall
against John S. Switzer and Elizabeth Switzer.    From a
judgment for plaintiffs, defendants bring error.    Affirmed.

One Patrick Egan died intestate, seised of the N. ½ of
the N. E. ¼ of section 12, town 12 N., of range 4 W., in
Gratiot county, leaving a widow and seven children.
Due proceedings were had by which the estate was par-
titioned; a small piece, the subject of this suit, being
assigned to the widow as her dower estate.    Subsequently
the defendants acquired the interests of all the heirs,
except one.    The deeds conveying these interests contained
the following description:

" The north half of northeast quarter of section twelve, town twelve north, of range four west, less all that part assigned by the probate court of Gratiot county, Michigan, to Bridget Egan, widow of Patrick Egan, as her dower interest in and to said premises; also, less that part assigned to Martin Egan by probate court of Gratiot county, Michigan, as heir at law of said Patrick Egan. This deed is intended to convey sixty-two and one-half acres of land, more or less. Also, less one and twenty-eight one-hundredths acres off north side, for cemetery."

The defendants executed a mortgage to one John Flannigan, which Flannigan assigned to Josephine Flannigan. The mortgage contained the following description :

" The north half of northeast quarter of section twelve, town twelve north, of range four west, except the life estate of Bridget Egan, widow of Patrick Egan, in that part assigned to her by the probate court of said county as her dower interest, and also excepting that part assigned by said probate court to Martin Egan as heir at law of said Patrick Egan, and also excepting one and 28-100 acres on north side heretofore conveyed for cemetery purposes; and also excepting Martin Egan's residuary interest in Bridget Egan's dower."

The mortgage was foreclosed, the time of the redemption expired, and Josephine Flannigan deeded the land to the plaintiffs. Some time after executing this mortgage, defendant John obtained the title to the piece of land in dispute. Plaintiffs brought this suit in ejectment to recover possession, claiming title by virtue of the foreclosure proceedings and deed thereunder. Defendants insist that the piece of land was not covered by the mortgage, and that the after-acquired title did not inure to the benefit of the mortgagee and his grantees. The court below found that the mortgage covered the land in dispute, subject to the life estate of the widow, and that, she being dead, plaintiffs had title thereto.

*J. Lee Potts*, for appellants.

*George P. Stone* (*Kelly S. Searl*, of counsel), for appellees.

GRANT, J. (*after stating the facts*). Whether the expression in the deeds, "less all that part assigned by the probate court of Gratiot county, Michigan, to Bridget Egan, widow of Patrick Egan, as her dower interest in and to said premises," excepts the fee of the land, or only the widow's life estate, may be doubtful. Four months after ·defendants obtained their title, they executed the mortgage, by which they mortgaged the entire land, "except the life estate of the widow." This might fairly be construed as a construction by the defendants of the language of the deeds. ·But, whether this be so, the mortgage clearly covered the land, subject to the life estate. The title thereto subsequently acquired by the defendants inured to the benefit of the mortgagee and his grantees, under the covenant of warranty contained in it. *White* v. *Smith*, 37 Mich. 291; *Gray* v. *Franks*, 86 Mich. 382.·

Judgment affirmed.

The other Justices concurred.