## CINCINNATI, LAWRENCEBURG & AURORA ELECTRIC STREET RAILROAD COMPANY v. STAHLE.

[No. 5,399. Filed December 14, 1905. Rehearing denied March
29, 1906.]

1. INTERURBAN RAILROADS. — *Acceptance of Ordinances.* — *Con-
tracts.*—*Municipal Corporations.*—The acceptance by an inter-
urban railroad company of a municipal ordinance, providing
the rate of speed along and over the streets, constitutes a con-
tract and such company is bound thereby. p. 542.

2. MUNICIPAL CORPORATIONS.—*Ordinances.*—*Speed of Interurban
Cars.*—A municipal ordinance limiting the speed of interurban
cars upon the street crossings to four miles per hour and be-
tween crossings to six miles per hour is not unreasonable.
p. 542.

3. PLEADING.—*Complaint.*—*Interurban Railroads.*—*Negligence.*—
A complaint, by plaintiff, who was riding in a wagon, alleging
that defendant interurban railroad company run its car at a
high and dangerous rate of speed around a street corner,
thereby injuring plaintiff who was exercising due care, is suffi-
cient. p. 543.

4. APPEAL AND ERROR.—*Record.*—*Bill of Exceptions.*—*Exhibits.*
—Exhibits designated as attached to a bill of exceptions are a
part of the record if they are attached to such bill preceding the
authentication thereof by the judge. p. 543.

5. SAME.—*Record.*—*Bill of Exceptions.*—*Exhibits.*—*Statutes.*—
An exhibit which is already a part of the record can be made a
part of the evidence in a bill of exceptions simply by reference,
but if not a part of the record, it must be authenticated as a
part of the bill by the judge, and it is not sufficient to attach
it as an exhibit after the judge's signature, the act of 1903
(Acts 1903, p. 338) failing to provide for such cases. p. 544.

Cincinnati, etc., St. R. Co. v. Stahle—37 Ind. App. 539.

6. APPEAL AND ERROR.—*Evidence Not All in Record.—Questions Presented.*—Where the evidence is not all in the record, all questions not affected by such omitted evidence may be considered on appeal.    p. 544.

7. SAME.—*Instructions.—How Made Part of Record.*—Instructions filed with the clerk and excepted to in writing are a part of the record.    p. 544.

8. EVIDENCE.—*Ordinances.—Interurban Railroads.—Negligence.*— In an action for damages on account of running an interurban car at a greater rate of speed than permitted by a municipal ordinance, such ordinance is admissible in evidence.    p. 545.

9. SAME.—*Declarations.—Res Gestae.—Interurban Railroads.*— Declarations made by the motorman to the conductor of an interurban car, explanatory of a collision which had occurred immediately before, are admissible as part of the *res gestae.* p. 545.

10. TRIAL.—*Interrogatories to Jury.—Interurban Railroads.— Issues.*—Interrogatories requiring the jury to state in detail whether the motorman of the colliding car failed to do anything he could have done to avert such collision are properly refused where the issue was negligence in operating the car at an excessive speed.    p. 545.

11. SAME.—*Contributory Negligence.—Question for Jury.—Appeal and Error.*—Contributory negligence is primarily a question for the jury, and where there is any evidence tending to support their verdict it will not be disturbed on appeal.    p. 546.

12. JURY.—*Questions of Fact for.—Invasion of Such Right by Courts.*—Under the English and American systems of jurisprudence, questions of fact are for the jury, proper instructions being given; and an invasion of such right by the trial or appellate courts tends to arbitrariness of decisions and illogical standards.    p. 546.

13. EVIDENCE.—*Incompetent.—Elicited by Appellant.—Objections on Appeal.*—Appellant can not complain of the admission, over objection, of incompetent ,evidence of its motorman's declarations after the collision complained of, when it elicited similar evidence from another witness on cross-examination.    p. 547.

From Ohio Circuit Court; *George E. Downey,* Judge.

Action by Henry Stahle against the Cincinnati, Lawrenceburg & Aurora Electric Street Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Stanley Shaffer, Frank B. Shutts* and *Martin J. Givan,* for appellant.

*Charles J. Lang, Warren H. Hauck, Roberts & Johnston* and *Louis B. Ewbank,* for appellee.

Roby, C. J.—Action to recover damages on account of personal injuries alleged to have been sustained by appellee through the negligence of appellant. The amended complaint was in one paragraph, to which a demurrer for want of facts was overruled. The cause was submitted to a jury and a verdict for appellee returned, accompanied by answers to a series of eighty-five interrogatories. Appellant's motion for judgment, notwithstanding the general verdict was overruled, as was its motion for a new trial, such rulings being the basis of the assigned error. Judgment for $2,500 was rendered upon the verdict.

It is averred in the amended complaint that Walnut and Third streets, in the city of Lawrenceburg, cross each other at right angles; that the appellant operated an electric street railroad in said city, its track being laid in Third street and turning at the intersection aforesaid into Walnut street; that it used said streets and operated its railroad by virtue of an ordinance of said city enacted in February, 1899, and extended in May, 1900, by the terms of which it was provided that no car should be run upon any street between crossings at a higher rate of speed than six miles an hour, nor over crossings at a higher rate than four miles an hour, and that a gong or other proper signal should be sounded constantly for 100 feet by cars approaching crossings. It is averred that the view of Third street from Walnut street is obstructed by buildings in the angle formed by said streets; that appellant's track curved at said crossing, one rail thereof coming within five feet of the sidewalk, and that it was impossible for a team to be driven from Walnut street upon Third street without crossing appellant's track; that appellee was riding in a wagon drawn by two horses, driven by his co-employe, along Wal-

nut street and toward Third street, and while in the exercise of due care was injured by one of appellant's cars, which approached along Third street, and turned into Walnut street, colliding with said wagon. The negligence averred consists in the alleged operation of said car at an excessive rate of speed, in disregard of the ordinance aforesaid. It is averred that said car was run at a high and dangerous rate of speed, without signal, along said Third street and around said curve into Walnut street, injuring appellee as set out in detail, to his damage, etc.

The complaint is attacked in argument, upon the ground that it proceeds alone upon the theory that appellant's negligence consisted in the violation of said ordinance, and that it is unreasonable and beyond the power of the common council and void. The averment is that the streets of said city are used and occupied under and by virtue of the ordinance named. The acceptance of the privileges conferred thereby carried with it the acceptance of the burdens imposed. One who takes the benefits secured to him by contract, can not refuse to comply with the obligations imposed upon him thereby. The street car company which seeks a franchise may accept the one granted or not, as it chooses, but, accepting it, takes subject to the conditions imposed. *Chouquette* v. *Southern Electric R. Co.* (1899), 152 Mo. 257, 265, 53 S. W. 897; *Bly* v. *Nashua St. Railway* (1893), 67 N. H. 474, 476, 32 Atl. 764, 30 L. R. A. 303, 68 Am. St. 681.

The reasonableness of a city ordinance, aside from contract relation to it, depends upon varying conditions, and, inasmuch as the primary duty of society is to protect the individual who has, by becoming a party to the social compact, deprived himself of the right of self-protection by the strong arm, an ordinance enacted in the discharge of such duty, so imposed, by municipalities whose officers are familiar with the conditions existing, will not be interfered with by the courts, except for good cause

shown, and a limitation put upon the speed of heavy cars run over city streets, such as is contained in the contract ordinance pleaded, is very far from being unreasonable upon its face, or void.

3. The complaint was sufficient in its averments of negligence, aside from the obligations imposed by said ordinance, so that there could have been no error in overruling the demurrer.

4. Preliminarily to a consideration of the questions argued in support of the assignment that the court erred in overruling appellant's motion for a new trial, it is necessary to determine whether the evidence is in the record, appellee contending that it is not. A plat, the examination of the plaintiff, and a deposition appear, from the longhand report, to have been introduced, the stenographer inserting parenthetically the statement that such plat, examination and deposition are marked "exhibits A, B and C, hereto attached and made a part hereof." The bill of exceptions contains the statement that "this was all the evidence given in said cause," following which is (1) the examination of the plaintiff marked exhibit B; (2) the deposition marked exhibit C; (3) a certificate of the reporter that the foregoing typewritten manuscript is a full and complete copy of the shorthand report of the evidence given in the cause; (4) the signature and certificate of the judge authenticating; (5) exhibit A; (6) a precipe for a full and complete transcript of all the proceedings; and (7) a certificate of the clerk signed and sealed. The exhibits, if made part of the record by the reference, are, in effect, incorporated therein, at the place where such reference is made. The examination and deposition are both included in the bill and must be regarded as authenticated by the signature of the judge thereto, as fully as though bodily incorporated therein at a different place. *Zeis* v. *Passwater* (1895), 142 Ind. 375, 382; *Indiana, etc., R. Co.* v. *Quick* (1887), 109 Ind. 295.

The plat marked exhibit A is not included in the bill. If it were once properly made a part of the record, it might be made a part of the bill by reference. *Henry* v. *Thomas* (1889), 118 Ind. 23, 26. When a paper has not been made a part of the record, it can not be thus incorporated. *Piltsburgh, etc., R. Co.* v. *Martin* (1901), 157 Ind. 216; *Gussman* v. *Gussman* (1895), 140 Ind. 433. The act of 1903 (Acts 1903, p. 338) has narrowed the scope of the cases last cited very greatly, but they are applicable to the plat named, which can not be held to be incorporated by reference, there being nothing whatever to authenticate it as the plat introduced.

The extent that questions presented can be considered, in the absence of any particular part of the evidence, is determinable from the facts of each case, and questions presented which can be so determined are considered. *Indiana Clay Co.* v. *Baltimore, etc., R. Co.* (1903), 31 Ind. App. 258; *Harrah* v. *State, ex rel.* (1906), 38 Ind. App. —. The plat introduced was designed to illustrate the testimony of the witness, descriptive of the place where the accident occurred. It was not essential to an understanding of the situation or surroundings, and its absence will not prevent the consideration of the questions presented in the connection named.

Certain instructions in writing were filed and requested by appellant, and the court of its motion gave thirty-seven written instructions, which were filed with the clerk. Appellant, at the close of the instructions requested by it, entered a memorandum, dated and signed, showing that it excepted to the refusal to give certain of said instructions, designated by number. This brings the instructions refused and the instructions given by the court into the record. Acts 1903, p. 338, §1, §544a Burns 1905; *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541.

There was no error, for reasons heretofore indicated, in

8. admitting in evidence the ordinance which has been considered in connection with the sufficiency of the complaint.

Three witnesses testified that immediately after the collision the motorman stated to the conductor that on account of the wet rail the brakes failed him and caused the

9. accident. The admissibility of the evidence depended upon whether the statement was a natural emanation from the occurrence, made spontaneously and so nearly contemporaneously as to be in the presence of the occurrence and under such circumstances as to exclude the idea of design or deliberation. *Louisville, etc., R. Co.* v. *Buck* (1889), 116 Ind. 566, 576, 2 L. R. A. 520, 9 Am. St. 883. If it was so made, it was a part of the occurrence and admissible; if it was only a narrative of a past transaction, it was hearsay and inadmissible. *Cleveland, etc., R. Co.* v. *Sloan* (1894), 11 Ind. App. 401, 405; *Citizens St. R. Co.* v. *Stoddard* (1894), 10 Ind. App. 278, 292. In the cases last cited, the statements sought to be shown were made after such an interval as clearly to disassociate them. The time occupied by the collision was very brief. The motorman was an actor in that occurrence. His expression was made in the presence of all concerned and under the immediate influence of the main event. It was interwoven with the surrounding circumstances so closely as that a presumption of spontaneity might reasonably arise. 24 Am. and Eng. Ency. Law (2d ed.), 665.

The court refused to submit certain interrogatories to the jury, requiring it to state in detail if the motorman operating the car failed to do anything which he

10. could have done under the circumstances to stop before the collision occurred. These interrogatories were not directed to any issue, there being no charge of negligence in the respect indicated. Interrogatories must be directed to the issues in the cause. Acts 1897, p. 128, §555 Burns 1901.

The sufficiency of the evidence to support the verdict and the correctness of the instructions given by the court, as well as its refusal to give those requested, depend upon substantially the same propositions, *i. e.,* the duty of the court to declare contributory negligence as a matter of law. This question has been considered in a number of cases with some contrariety of result and expression, but it is now settled that each case must be determined upon its own facts, and that the question is primarily one for the jury. *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312.

The disposition of the courts of this and of other states, in which the system of transportation by electric railroads is most advanced, in the infancy of such enterprises, was to review verdicts involving the question of contributory negligence on the part of a traveler injured by collision with them, as though it were a matter of law, and to set up absolute standards by which the conduct of such persons should in all events be gauged. The effect of such course of decision was to create great uncertainty and to a large degree transferred the functions of the trial court to the appellate tribunal. No absolute standard can be declared which is not inaccurate, when considered in connection with the varying circumstances and facts of other cases, possessing in one or more respects a mere similarity. The result has been that arbitrary standards are no longer applied, but the question is submitted as a matter of fact, under the instructions of the court, to the trial jury, whose conclusion is given that weight and consideration to which it is entitled under our system of jurisprudence.

The verdict in the case at bar has received the approval of the learned judge who presided at the trial, and no good reason has been shown for setting it aside. The judgment is therefore affirmed.

## ON PETITION FOR REHEARING.

ROBY, C. J.—Appellant, in support of its petition for rehearing, criticises the statement of fact made in the opinion as to the time when and the conditions under which the motorman made the statement received in evidence, over its objection.

If the testimony referred to in the brief was all the testimony in the case, this criticism might be well taken, but it is not, and the opinion of necessity is based upon that portion of the evidence and those inferences deducible therefrom which are most favorable to appellee. If, however, it were conceded that the evidence objected to was incompetent, the error in its admission would not be available, for the reason that appellant had previously thereto, on cross-examination of the witness Justus, elicited the same facts. Upon the direct examination of this witness, appellee's counsel asked him what the motorman said. An objection being made the question was withdrawn. On cross-examination he was asked: "What did you hear Mr. Bobrink say?" This question being answered, the next one was: "What was it you say that the motorman said?" The next one: "What was it the motorman said about the rain?" Had the answers to the questions thus asked been favorable to appellant, it would have had the benefit of them; being unfavorable, it is not in position to complain of testimony upon the subject thus introduced by it. *Perkins* v. *Hayward* (1890), 124 Ind. 445; *Campbell* v. *Conner* (1896), 15 Ind. App. 23; *Blough* v. *Parry* (1896), 144 Ind. 463, 481.

This case was tried by a jury and at the same time by the learned judge of the Ohio Circuit Court. The verdict of the jury has received the approval of the judge, and it is not for this court to say that it ought not to have been so approved.

Petition for rehearing overruled.