# CHARLESTON

## WEAVER v. NEAL.

Submitted June 12, 1906.     Decided December 4, 1906.

1. DEED NOT VOID ON FACE.

    A provision in a deed of trust of goods to secure an endorser of a note that it shall also secure the endorser for a future endorsement of the note, does not render the trust fraudulent on its face as to creditors.   (p. 59.)

2. CONFUSION OF GOODS.

    A deed of trust on a stock of store goods to secure an endorser on a note, and the debtor while in possession mingles with the goods conveyed additional store goods, the endorser or trustee not consenting, and an execution from a justice is later levied on the whole stock. The trustee files his petition before the justice to

release the goods from the levy, under Code, chapter 50, section 152. The burden is not on the trustee before the recovery to identify and separate the goods specified in the trust from the goods mingled with them, but is on the execution creditor to identify the additional goods. (p. 59.)

Error to Circuit Court, Wirt County.

Action by F. G. Weaver, trustee, against R. L. Neal & Co. Judgment for defendants, and plaintiff brings error.

*Reversed.*

T. A. BROWN, for plaintiff in error.

WM. BEARD, for defendants in error.

BRANNON, JUDGE:

R. A. Reese made a deed of trust conveying all his personal property including a stock of goods to Weaver, trustee, to secure a negotiable note made by Reese payable to J. A. Wiseman in ninety days at the Wirt County Bank. After this deed of trust had been executed R. L. Neale & Co. caused a writ of *fieri facias* to be levied on the stock of goods. Then Weaver, trustee, filed before the justice who issued the execution a petition under chapter 50, of the Code, section 152, setting up his title and claim under the deed of trust, and asking that the stock of goods be released from said execution, and asking that the right of property be tried. After trial before a justice the case went by appeal to the circuit court of Wirt county, where a jury was empanneled to try the case; but the court struck out the plaintiff's evidence and directed a verdict for the defendant and rendered judgment thereon.

Counsel for Weaver endeavors to exclude the evidence on the ground that the bill of exceptions does not sufficiently incorporate it to bring it before this Court; but we think that the bill is ample to do so. It says that: "The certificate of evidence certified by John T. Harris, official stenographer of the circuit court of Wirt county, is hereby certified, filed herewith, and made a part of this bill of exceptions." We find the full oral evidence with a formal certificate by Harris that it is all the evidence given in the case. This clearly identifies the evidence.

The execution creditor claims that the deed of trust is fraudulent and void as to creditors, on its face. It is not

claimed that oral evidence proves such impeachment, but that its vice is shown by the deed. To establish this we can look only at the face of the deed of trust. *Landeman* v. *Wilson*, 29 W. Va. 702. We do not find such fraud on the face of the deed. The deed provides that the trustee sell at the maturity of the note. It cannot be said that sale under the trust is unreasonably postponed, as it was only four days from the date of the trust to the maturity of the note. The deed contains no reservation or power to the debtor, none whatever. It does not give him power to sell, or to retain possession, or to consume, or in any wise use the property, so as to enable us, for such grounds, to stamp the deed with fraud, as in *Livesay* v. *Beard*, 22 W. Va. 585. Nor does the deed postpone the right of the trustee to take possession until maturity of the note, as in that case. He could take possession the moment the deed was executed. We find no provision authorizing the debtor to replenish the stock of goods. The deed does not cover after acquired goods. If it did so, there might be an inference of an intent to let the debtor still have the benefit of the goods, and to waste them from creditors, as held in *Shattuck* v. *Knight*, 25 W. Va. 590, and *Landeman* v. *Wilson*, 29 *Id.* 702. We do not find ear marks of fraud referred to in the many cases in this Court of deeds fraudulent on their face. *Bartles* v. *Dillon*, 56 W. Va. 383, holds that a deed of trust will not be held fraudulent *per se*, unless its provisions plainly show that it was not made in good faith, but only as a colorable security. The only questionable feature of this deed is a provision that it is to secure any future endorsement by Wiseman of the note. The debt is an honest debt, as nobody questions, and we do not think that such a provision is a badge of fraud. This deed was good when made, and this clause does not change its character. It does not put it in the power of the debtor to postpone sale under the trust, nor does it bind Wiseman at all to make a future endorsement. The clause gave the debtor no power whatever to enforce such endorsement.

Another point to sustain the judgment made by counsel is this: Reese purchased a small quantity of new goods and intermingled them with the old goods conveyed by the deed of trust. Wiseman is not shown to have consented to this.

It is claimed that Weaver, the trustee, is to be treated as plaintiff suing for specific goods, and that he cannot recover because there is a confusion of goods; that he must point out the particular articles to which he had legal title under the trust, and failing to do so must fail in his claim, on the ground that where there is a confusion of goods rendering their separation impossible a plaintiff in detinue or other proceeding to recover particular property must pick out his property. Now, the trustee had prior right and legal title over the execution creditor. That execution could not be levied on the property conveyed in the trust because of the well settled rule that where property is conveyed under a deed of trust it cannot be levied upon. The creditor by execution has a lien upon it subject to the trust, a charge on the surplus, but he cannot levy on the tangible personal property. He must enforce his equity in chancery. *Doheny* v. *Atlantic Co.*, 41 W. Va. 1; *Couts* v. *Walker*, 2 Leigh 268. It follows that the levy was void, conferring no title. Seeing that the trustee had a perfect legal title, and the execution creditor none, we think that the execution creditor cannot say that the burden is upon the trustee to identity that part of the stock of goods covered by his trust before he can recover; but the burden is rather on the execution creditor to show what articles of the stock of goods his levy operates upon, as he could have no claim to those articles conveyed in the deed of trust. So holds *Kreuzer* v. *Cooney*, 45 Md. 582. There one Stewart sold type in a printing office to Kreuzer, by bill of sale, and Stewart remaining in possession bought and mingled additional type, and then sold to Cooney. *Held*, that Stewart's title was superior to Cooney's; that the case was to be treated as between Stewart and Kreuzer, and that Cooney got no title to the type sold to Kreuzer, and Kreuzer could maintain replevin against Cooney. It is the law that when one has charge of another's goods, and mingles them with his own, he forfeits his own, unless he can separate them. So held in that case. *Trapnel* v. *Conklyn*, 37 W. Va. 242; *Brakely* v. *Tuttle*, 3 W. Va. 56, 126; 2 Schouler Personal Prop., section 47. So, if we test the matter as between Reese and Weaver, Reese must pick out the goods he mingled with the others, and so must Neal & Co., else Weaver gets all under his deed of trust. The

case from Maryland above cited says the rule or law of confusion must operate in favor of Weaver, not in favor of the execution creditor. In *Adams* v. *Wildes*, 107 Mass. 123, a mortgagor in possession of goods failed to keep them separate from his, purposely or through carelessness, and sold all to a third person. *Held*, the mortgagee may replevy the whole from the purchaser, unless the latter identifies the articles not embraced in the mortgage. The court said: "It was the duty of the defendant, as he only succeeded to Gay's title subject to the mortgage, to identify the specific articles not in the mortgage." See note 2, 6 Am. & Eng. Ency. L. (2d Ed.) 598, citing that case. At this point I met with the case of *Rose* v. *Sharpless*, 33 Grat. 153, where a man had some goods paid for and some not paid for and he mingled them and then claimed to exempt under the exemption law from liability for purchase money of part of the goods, the court held that the burden was on the man who claimed to exempt them to separate them from the goods that had been paid for, "and he failing to do this, they will all be treated as not having been paid for, as far as the homestead deed is concerned, and therefore not exempt under the law." I think that the matter is to be tested as if between Reese and Weaver, the trustee, and that the burden to discriminate the goods is on the execution creditor. I find in 2 Schouler Personal Prop., section 48, the following: "In the analogous case of chattels specifically pledged or mortgaged for a debt, confusion will sometimes effect an extension of the creditor's security, and sometimes impair or take it away all together; for if the debtor, having possession, mingle the pledged or mortgaged goods with other goods of his own, they are all brought under cover of the original security because of his conduct; while the secured creditor in possession, who is guilty of a corresponding intermixture, must bear the consequence of his folly." As is said in *Kreth* v. *Rogers*, 101, N. C. 263, one party or the other must suffer and surely it is not the man having prior claim guilty of no blame.

On these principles we conclude to reverse the judgment and set aside the verdict and remand the case for a new trial. JUDGE SANDERS and I would enter judgment for Weaver as the case involves, and is dependent on, questions of law.

                                                *Reversed.*