FLORIDA LAND INVESTMENT COMPANY, A CORPORATION, *Plaintiff in Error*, v. LUCY R. WILLIAMS AND F. O. WILLIAMS, HER HUSBAND, *Defendants in Error*.

Opinion Filed February 14, 1922.

Petition for Rehearing Denied March 18, 1922.

1. Where a document sought to be made a part of a bill of exceptions is not incorporated into the body. of the bill and is not attached thereto or by apt language made a part thereof and so identified and authenticated by letter, number or mark mentioned in the bill as that there can be no doubt of its identity, the document cannot be considered .by an appellate court as a part of the bill of exceptions.

2. Bills of exceptions are a creation of statute. Their function and office are to present to an appellate court exceptions taken during the progress of the trial to decisions of the trial court in matters which otherwise would remain *in pais*. Their integrity can be preserved only when their contents are clearly ascertainable by reference to the bills of exceptions themselves and without resort by the appellate court of proof *aliunde*.

3. If a "bill of exceptions is improperly, incompletely or incorrectly made up in the trial court, corrections therein must be made there by the trial judge, and the amended record brought up by *certiorari*."

A motoin to dismiss the appeal.

Motion denied.

*Chas. E. Pelot* and *L. S. Gaulden*, for Plaintiff in Error;

*Chas. A. Powers* and *H. L. Anderson*, for Defendants in Error.

WEST, J.—This is a motion by plaintiff in error to have "included in and made a part of the transcript of record in this cause" a certified copy of a certain deed of conveyance alleged in the motion to have been offered, received and filed in evidence in the trial of the cause.

The motion, which is sworn to as true by counsel for plaintiff in error, asserts that it was "the intention of the Circuit Judge to include a copy of said deed as one of the exhibits attached to the bill of exceptions, and described in the certificate of said Circuit Judge, at the end of the bill of exceptions."

At the conclusion of the bill of exceptions preceding the signature of the trial judge the following statement appears:

"And I, the said Judge of said Court, do hereby certify that the evidence and testimony set forth and the exhibits numbered 2 to 10 inclusive, hereto attached, is all of the evidence introduced at the trial, not stricken from the record by the court by both parties to said cause, and that all the testimony introduced as aforesaid is included in this bill of exceptions.

"George Couper Gibbs, Judge."

Accompanying the motion is a copy of a deed of conveyance of certain lands therein described made on the 8th day of November, A. D. 1913, by Frank T. Nooney and Nyra D. Nooney, his wife, to Florida Land Investment Company, a corporation, certified by the Clerk of the Circuit Court of Duval County as "a true and correct copy and a literal transcript of the warranty deed filed in evidence herein, in the cause wherein Florida Land Investment Co., a corporation is plaintiff and Lucy R. Wil-

liams and F. O. Williams, her husband, are defendants; as the same appears among the files of record in this office.''

Attached to this deed is the following certificate of the trial judge:

''I hereby certify that the deed from Frank T. Nooney and wife to the Florida Land Investment Company, a certified copy of which is hereto attached, was. in the trial of the above entitled cause on March 7th, 1921, received and filed in evidence and described by the plaintiff as plaintiff's Exhibit '9,' and was not stricken from the record:

''That it was the intention of the court that a copy of said deed would be included in the bill of exceptions as an exhibit to said bill of exceptions.

''Done this 4th day of January, A. D. 1922.

''George Couper Gibbs, Judge of said Court.''

In the transcript of the record immediately following the signature of the trial judge to the bill of exceptions are copies of several deeds of conveyance and other documents each bearing upon it the word ''Exhibit,'' but there is nothing whatever upon the pages of the transcript of the record to indicate that the conveyances and the documents there copied were authenticated in any way mentioned in the bill of exceptions or that they were physically attached to the bill of exceptions as exhibits and made a part thereof. They have upon them no number, letter or mark of any character for their identification and verification. There is nothing copied upon the pages of the transcript of the record where such documents are reproduced to indicate that any marks or certificates of

any kind, for the purpose of identification were placed upon the instruments as introduced and filed in evidence. Nor is there any identifying mark, certificate or signature upon the deed now sought to be "made a part of the transcript of the record" except the following memoranda:

"By Plaintiff—For Identification 'Ex. 3.'

"Filed in Evidence by Plaintiff Mar. 7, 1921, Frank Brown, Clerk Circuit Court."

This clearly does not identify it as "Plaintiff's Exhibit 9" offered in evidence in the trial of this case. All these documents may have been, and no doubt were, offered and received in evidence as asserted in the motion, but there is nothing in the transcript of the record from which this assertion may be verified.

In many jurisdictions it is held that documents offered in evidence which are identified and authenticated by the signature of the trial judge or otherwise may be made a part of the bill of exceptions by being physically attached thereto as exhibits, but when this is done such documents are required to be definitely referred to, accurately described and expressly made a part of the bill of exceptions, and the exhibits so attached must be so authenticated as that there may be no doubt of their identity with the documents referred to and described in the bill of exceptions. 2 R. C. L. p. 148; 4 C. J. §1836, p. 236; Leftwitch v. Lecanu, 4 Wall. 187, L. Ed. 388; Humbarger v. Humbarger, 72 Kan. 412, 83 Pac. Rep. 1095, 115 Am. St. Rep. 204; O'Neil v. Chicago, R. I. etc. Co., 66 Neb. 638, 92 N. W. Rep. 731, 1 Ann. Cas. 337, 60 L. R. A. 443; Williams v. Daly, 33 Ill. App. 454; Moses v. Loomis, 156 Ill. 392, 40 N. E. Rep. 942, 47 Am. St. Rep. 194; Emmerson v. Clark, 2 Scammon, 489; Lake Erie, etc. Co. v. Mackey, 53 Ohio

St. 370, 41 N. E. Rep. 980, 53 Am. St. Rep. 641, 29 L. R. A. 757; Zeis v. Passwater, 142 Ind. 375, 41 N. E. Rep. 796; Henry v. Thomas, 118 Ind. 23, 20 N. E. Rep. 519; Indiana B. etc. Co. v. Quick, 109 Ind. 295, 9 N. E. Rep. 788; Cincinnati, etc. Co. v. Stahle, 37 Ind. App. 539, 76 N. E. Rep. 551; Weaver v. Neal, 61 W. Va. 57, 55 S. E. Rep. 909, 123 Am. St. Rep. 972; Kecoughton Lodge v. Steiner, 106 Va. 589, 56 S. E. Rep. 569, 10 Ann. Cas. 256; Jeremy Imp. Co. v. Commonwealth, 106 Va. 482, 56 S. E. Rep. 224; Hightower v. Flanders, 69 Ga. 772.

The motion indicates the pages of the transcript of the record where the deed now sought to be made a part thereof is referred to and described in the bill of exceptions. This reference is as follows:

"Malcolm McClellan, City of Jacksonville, Duval County, Florida: I was secretary and treasurer and director of the Florida Land Investment Company in November, 1913 (witness is handed a deed which has been identified as Exhibit 3, marked for identification, the deed being from Frank T. Nooney and wife to the Florida Land Investment Company, dated the 8th day of November 1913); yes, sir, it was given to the Florida Land Investment Company by the grantor; this deed is part of the subject matter of the answer of the adverse title, I mean of the answer of the Florida Land Investment Company in the foreclosure suit of F. O. Williams v. Florida Land Investment Company. It is the only deed referred to in that answer, as I remember the answer; this is the deed referred to in the original answer and also in the amended answer in the suit of F. O. Williams v. Florida Land Investment Company; the deed from Frank T. Nooney and wife to the Florida Land Investment Company. That is the orig-

inal answer; said deed, marked for identification Exhibit 3, offered in evidence.

"(Said document was received and filed in evidence and marked Exhibit 9); it is, the mortgage which was filed in evidence in the case of F. O. Williams v. Florida Land Investment Company, is the mortgage that was given by me as a representative of the Florida Land Investment Company, to the grantors in the deed offered in evidence and marked Exhibit No. 9, at the time that deed was delivered by the grantors to Mr. Frank T. Nooney and wife: Oh, yes, that deed and this mortgage are all one and the same transaction; it is all one and the same transaction; yes, sir, I handled that transaction myself; no, sir, at the time that deed was received, I had not examined or had examined for the Florida Land Investment Company, the title to that property; I did, after the receipt of that deed call the attention of the grantors to the fact that there were certain defects in the title at the time that the warranty deed was made."

It will be observed that the document to which reference is made here is referred to as "Exhibit 3" in one paragraph and "Exhibit 9" in the other paragraph. From the context it might be inferred that this deed had been previous to this time during the progress of the trial marked "Exhibit 3" for identification and that subsequently when offered in evidence this designation was changed to "Exhibit 9." This, howeevr, is not clear and the reference to it in the last line of the first quoted paragraph as "Exhibit 3 offered in evidence" and in the first line of the second paragraph as "filed in evidence" and marked "Exhibit 9" is confusing. The reference to this document in the first paragraph as a deed and in the second paragraph as a mortgage emphasizes the uncertainty, adds to the con-

fusion and renders doubtful the identity of the document intended to be referred to as actually offered and filed in evidence. Its identity can be established with certainty only by proof *aliunde*, which is attempted to be supplied in the form of a certificate of the trial judge made by him after the time allowed for settling the bill of exceptions had expired. The reference therefore to the document and its authentication are not sufficient to fully establish and remove entirely from the realms of speculation its identity, even if this court should upon investigation, find that it is in accord with the doctrine announced in the authorities cited from other jurisdictions. The effect of this holding is not to deny the motion upon technical grounds. The motion is denied because of the failure to sufficiently identify the instrument sought to be incorporated into and "made a part of the transcript of the record."

Bills of exception are of ancient origin. They are a creation of statute. 2 Tidd's Practice *862; Bacon's Abridgment, title Bill of Exceptions, p. 112; 2 R. C. L. p. 140; 4 C. J. pp. 215, 218; Nalle v. Oyster, 230 U. S. 165; Brown v. State, 29 Fla. 543, text 547, 10 South. Rep. 736; Duncan v. Landis, 106 Fed. 839; Hopkins v. Commonwealth, 50 Pa. St. 9, 88 Am. Dec. 518; Virginia Dev. Co. v. Rich Patch Iron Co., 98 Va. 700, 37 S. E. Rep. 280; Vicksburg etc. R. Co. v. Ragsdale, 51 Miss. 447. Their function and office are to present to the appellate court exceptions taken during the progress of the trial to rulings and decisions of the trial court in matters which otherwise would remain *in pais*. No form is prescribed by statute, but forms are prescribed in this jurisdiction by rules of this court. Their verity and integrity can be preserved only when governing statutes and rules of court are observed in their preparation and their contents are

definitely and clearly ascertainable by reference to the bills of exceptions themselves and without resort to independent extraneous evidence which may be offered long after the court at which the judgment was rendered has adjourned for the term or the time allowed by special order of the court after adjournment for presentation, authentication and signing of the same has expired. If a bill of exceptions is incomplete or incorrect the correction should be made in the trial court. Weeks v. Hays, 55 Fla. 370, 45 South. Rep. 987.

No opinion is expressed upon the point of whether in a proper case and upon proper identification and authentication of the exhibit the practice of attaching exhibits to bills of exceptions, thereby making them a part of such bills, would be approved.

The motion will be denied.

Denied.

BROWNE, C. J., AND ELLIS, J., concur.

TAYLOR AND WHITFIELD, J. J., dissent.

WHITFIELD, J.—Dissenting.

By the common law and under the statutes, in ordinary actions at law, matter *in pais* such as the evidence adduced and the ruling thereon with exceptions taken, motions relating to the jury or for continuance, change of venue, new trial, etc., and the proceedings thereon including exceptions taken to rulings, pleadings that were not permitted to be filed, etc., are evidenced by bill of exceptions as dis-

tinguished from the record proper which contains the pleadings that are duly filed and the rulings thereon. the appearance if any, the process and the return thereon, the verdict and judgment, the adjournments of the court. See also Sections 2903, 2904, Rev. Gen. Stats. 1920.

The statute provides that "the judge of any court of this State, upon a trial at law in said court, shall sign, upon request, any bill of exceptions taken during the progress of the cause and tendered to the court, if said bill as tendered fairly states the truth of the matter and the exception designed to be taken, and the same shall, when certified and signed by the judge, become a part of the record of such cause." Sec. 2906, Rev. Gen. Stats. 1920.

Rule 97 of the Circuit Court Rules states that "The bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed. In case such special order is made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such order was made shall be mentioned therein, or shall otherwise appear in the record."

Special Rule 3 provides that "Plaintiffs in error and their attorney in framing bills of exceptions, shall conform as near as may be to the following form"—particulars given. While the form prescribed by the Rule provides for all evidentiary and other appropriate matters and the rulings thereon and the exceptions taken, to be inserted in the body of the bill of exceptions preceding the authenticating certificate of the trial judge, the rule does not prohibit the incorporation into the bill of exceptions as a part thereof of proper matters, by sufficient reference and identification as exhibits attached to the authenticated

bill of exceptions. Such an authentication is permissible under proper safeguards in view of the provision of the rule that "attorneys in framing bills of exceptions, shall conform as near as may be to the" form prescribed.

While the law requires certainty and truthful verity in legal procedure to avoid injustice, yet the law contemplates that records of judicial proceedings shall be made to speak the truth without needless technicality, in order that causes may be rightly determined on the merits with reference to substance and without undue or unnecessary requirements as to form and technique.

It appears with reasonable and sufficient certainty from the certificates of the trial judge and the references contained in the duly authenticated transcript, that the deed sought to be incorporated into the bill of exceptions as shown by the transcript, was in fact put in evidence and not excluded and that the judge supposed a copy of it was in fact attached to the original bill of exceptions as an exhibit thereto and a part thereof which he expressly made a part of the bill of exceptions by reference and identification. The statute makes a duly authenticated and filed bill of exceptions "a part of the record of such cause;" and if the bill of exceptions as signed and filed does not in fact contain matters properly belonging therein which the trial judge judicially supposed or assumed or believed were contained in the bill of exceptions signed by him, he should in all fairness be allowed to make the bill of exceptions speak the truth by the use of any recognized procedure that secures certainty and justice. This appears to have been done in this case and it should be recognized in order that the cause may be disposed of on its merits.

TAYLOR, J., concurs.