FLORIDA LAND INVESTMENT COMPANY, A CORPORATION, *Plaintiff in Error*, v. LUCY WLILIAMS AND F. O. WILLIAMS, HER HUSBAND, *Defendants in Error*.

Opinion field July 31, 1922.

Petition for rehearing denied August 19, 1922.

1.  Original copies of records in one judicial proceeding are not inadmissible as evidence to prove their contents in another such proceeding.

2.  Documents admitted and received in evidence in the trial of a cause not incorporated into but so referred to in the duly authenticated bill of exceptions and so designated that there can be no doubt of their identity, and which are considered by all parties to the litigation as a part of the bill of exceptions and accompany the record here, will be considered by this court as a part of the bill of exceptions as contained in the transccript of the record.

3.  Where a mortgage upon real estate contains full covenants of warranty, title acquired to the mortgaged property by the mortgagor after the execution of the mortgage inures to the benefit of the mortgagee.

4.  To the rule announced in the immediately preceding headnote there is the generally recognized exception of purchase money mortgages given as a part of the transaction in which the premises mortgaged are purchased.

A Writ of Error to the Circuit Court for Duval County, George Couper Gibbs, Judge.

Reversed.

*Charles E. Pelot* and *L. S. Gaulden,* for Plaintiffs in Error:

*Charles A. Powers* and *Herbert L. Anderson,* for Defendants in Error.

WEST, J.—This is an action in ejectment in which plaintiff in error, as plaintiff below, sued defendants in error to recover possession of certain lots of land in Duval County. The declaration is in the statutory form. There was a plea of not guilty and certain special pleas, which upon motion to strike were eliminated. Upon a trial there was a directed verdict for defendants. Te review the judgment plaintiff prosecutes writ of error from this court. By appropriate assignments of error the propriety of the ruling directing a verdict for defendants and denying plaintiff's motion for new trial are presented for consideration.

The original record in a mortgage foreclosure suit between the same parties and involving the same property was offered and admitted in evidence. This court has held that original judicial records are admissible to prove their contents. Huddleston v. Graham, 75 Fla. 350, 74 South. Rep. 414. This record was not copied into the bill of exceptions but accompanied the transcript of the record

here somewhat in the nature of an exhibit. It is considered by counsel for both parties as a part of the bill of exceptions and is sufficiently identified to be so considered by this court. Florida Land Inv. Co. v. Williams, 83 Fla. 251, 91 South. Rep. 177; Exporters of Mfgrs. Products v. Butterworth-Judson Co., U. S. Adv. Ops. May 15, 1922, p. 392.

The facts are simple. Upon essential points they are undisputed. Plaintiff's title to the property upon which it relies is deraigned by mesne conveyances from the original source of title. In addition to this chain of title it was proved in substance at the trial that the plaintiff, on November 8, 1913, bought the property from Frank T. Nooney and wife, who conveyed same to it by warranty deed; that plaintiff contemporaneously therewith and as a part of the same transaction executed to Nooney a mortgage containing the usual covenants of warranty to secure the payment of a portion of the purchase price agreed to be paid by it for the property; that subsequently thereto and prior to the foreclosure proceedings, plaintiff having discovered that Nooney did not own the property and that the title thereto was vested in the Florida East Coast Railway and Nooney having refused to procure for plaintiff the title of said owner, purchased the property from the Florida East Coast Railway and received a deed of conveyance therefor; that on March 4, 1915, Nooney assigned the mortgage made by plaintiff to him to F. C. Williams, the defendant, who, on December 22, 1915, brought suit to foreclose said mortgage, which suit proceeded to final decree and sale of the property, at which sale Williams, the assignee and owner of the mortgage, became the purchaser of the property and upon confirmation of the sale received a deed therefor from the special master appointed by the court to make the sale, and upon writ of assistance was given possession of the

premises.   No question of title by adverse possession is involved.

Upon proof of these facts at the trial, upon the theory, it seems that the mortgage given by plaintiff became a lien on such interest in the property as was afterwards acquired by plaintiff, the mortgagor, after it had executed the purchase money mortgage, and that the foreclosure and sale thereunder operated to divest it of all such interest as it owned and possessed at the time of the foreclosure and vested in the defendant, who was the purchaser at such sale the title that plaintiff then owned, the court directed a verdict for defendant.   This theory is grounded upon the general doctrine that where a mortgage contains full covenants of warranty, title acquired by the mortgagor after the execution of the mortgage inures to the benefit of the mortgagee. Alexander v. Hill, 88 Ala. 487, 7 South. Rep. 238; Caple v. Switzer, 122 Mich. 636, 81 N. W. Rep. 560; Iowa Loan & Trust Co. v. King, 58 Ia. 598, 12 N. W. Rep. 595.   To this general rule, however, there is the generally recognized exception of purchase money mortgages given as a part of the transaction in which the premises mortgaged are purchased.   27 Cyc. 1139-40; Maupin on Marketable Title, Sec. 211.

This case illustrates the justness of this exception to the general rule.   It would be manifestly unjust to hold that one selling and conveying property which he does not own may, by taking from his grantee contemporaneously with the conveyance to him a purchase money mortgage, containing the usual covenants of warranty, for a part of the agreed consideration and afterwards, by foreclosing such purchase money mortgage, acquire title to and ownership of the property, the purchaser in the meantime having in order to protect himself, acquired title to the property

by purchase from the owner, the original grantor having refused to purchase such outstanding paramount title.

There was error in the order directing a verdict for defendant, for which the judgment is reversed.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J. concur.