ANNA K. VLIET, *et al.*, v. WINIFRED. CLARKE ANTHONY, *et al.*

164 So. 138.
Opinion Filed October 22nd, 1935.
Rehearing Denied November 19, 1935.

*A. Melrose Lamar,* for Appellant;

*S. C. Kearley* and *J. Leo Chapman,* for Appellees.

WHITFIELD, C. J.—A married woman joined her husband in executing a mortgage upon his real estate. Subsequently the mortgage note was assigned to the same married woman without recourse, and the mortgage was also assigned to the said married woman. Later the mortgagors, husband and wife, conveyed the property with full warranty of title. The grantee and his wife mortgaged the property to secure a loan. When the last stated mortgage was being foreclosed for non-payment of the debt, the married woman first above referred to claimed a prior lien for the mortgage assigned to her before she joined her husband in conveying the property with warranty of title to the other party mortgagor. The chancellor decreed that the circumstances of the transactions including the conveyance of the property with warranty of title operated as an estoppel against the claim of the married woman that her previously acquired mortgage was a first lien against the property she had joined her husband in conveying with warranty of title after she acquired the mortgage therein. Sec. 5686 (3813) C. G. L.

The Chancellor properly held that the evidence showed the conveyance by the husband and wife was in accordance with applicable statutes.

Affirmed.

TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

## On Rehearing

Per Curiam.—The validity of Section 5686 (3813) C. G. L., relating to the estoppel by warranty in conveyances and mortgages by married women, was apparently not challenged in the trial court. The contention here is that such section conflicts with Section 2, Article XI of the Constitution, which is as follows:

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

There is no question in this case as to charging the separate property of married women as provided for in the above section of the Constitution.

The quoted organic section does not purport to limit the inherent power of the Legislature to regulate the contractual disabilities and obligations of married women or to restrict the legislative power to regulate the execution and the legal effect of conveyances and mortgages and of covenants of warranty of title by married women as they may affect the property of, or the contract liabilities of, married women.

The Legislature had the power to enact Section 5686 (3813) C. G. L., which is as follows:

"A married woman who joins with her husband in executing a conveyance or mortgage of real property, or of any estate therein, may enter into any covenants as to the title or against encumbrances or of warranty, but such cov-

enants shall have no other effect, than to estop her and all persons claiming as her heirs, or by or through her, in the same manner as if she were not married; except that her covenants and warranties which have been or may be made with respect to her separate statutory property shall bind her to the amount of the purchase price received by her for such property, as if she were not married."

Such section operates to estop a married woman from claiming against her covenants as to the title to real property or incumbrances thereon, or her covenants of warranty of title to property conveyed or mortgaged by her husband in which she joins.

In this case the married woman joined her husband in conveying the land with warranty of title under Sections 5661 (3788), 5662 (3789), 5663 (3790), 5676 (3803) C. G. L., and under Section 5686 (3813) C. G. L. her covenants in the deed of conveyance estop her from claiming a mortgage lien on the land so conveyed with warranty, there being no reservations in the deed of conveyance or in other concurrent documents as to such mortgage lien.

The notarial certificate of the married woman's acknowledgment that she executed the deed of conveyance in accordance with the statute was not overcome by the necessary proof.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and DAVIS, J. J., concur.