GEORGE A. TAYLOR, *et ux,* v. FEDERAL FARM MORTGAGE CORPORATION.

193 So. 758
Division A
Opinion Filed February 9, 1940

*W. W. Whitehurst*, for Appellants;

*Latimer C. Farr*, for Appellee.

THOMAS, J.—George A. Taylor and Lula M. Taylor, his wife, executed a mortgage to Land Bank Commissioner encumbering property to secure the payment of a promissory note. The mortgagors bound themselves "* * * to warrant and forever defend * * * the said premises unto second party * * * from and against first party * * * and all other persons whomsoever lawfully claiming * * * the same * * *."

It was covenanted by them that they owned the property in fee simple free from lien and that they would pay all taxes and assessments when due.

The present appellee, by Act of Congress, became successor to the original mortgagee.

Upon default in payment of the debt suit was instituted to foreclose the mortgage culminating in a final decree rendered by the chancellor August 2, 1937, ordering the property sold by a master to satisfy the claim. The sale was confirmed September 8 and the following day the deed from the master to the appellee was recorded. The mortgagors refused to deliver possession whereupon the purchaser sought a writ of assistance to make effective the master's deed.

At the hearing upon the petition for the writ the appellant, Lula M. Taylor, filed an answer asserting that one E. L. Stallings, who was not a party to the foreclosure suit, had owned the east half of the mortgaged property for a period beginning "long prior to the date" of the mortgage and

ending "approximately one and one-half year" after the foreclosure, by virtue of a deed from the State. She further alleged that "long after" the master's deed was executed she acquired title from Stallings and held possession under the deed he gave her.

Despite this representation the chancellor issued the writ. He was correct.

In view of the covenants of the mortgage to which she was a party the wife was in no position to assert a title deraigned from a tax deed issued prior to those covenants.

In Vliet v. Anthony, 121 Fla. 439, 164 South. Rep. 138, the facts differed from those reflected in this record but the principal was so similar as to make the decision influential in arriving at a conclusion here. There the wife became an assignee of a note and mortgage given by her and her husband. Later both conveyed the property, which had been encumbered, and warranted the title. The statute, Sec. 5686, C. G. L. 1927, was invoked and she was held estopped from foreclosing her mortgage. The pertinent language employed by Mr. Chief Justice WHITFIELD was:

"Such section operates to estop a married woman from claiming against her covenants as to the title to real property or incumbrances thereon, or her covenants of warranty of title to property conveyed or mortgaged by her husband in which she joins." 164 South. Rep., text 140.

That rule is peculiarly appropriate here where the wife joined in a warranty of title and after foreclosure claimed under a deed from the holder of a tax title in existence when she became a party to the instrument containing the covenant.

Although the litigation discussed in Florida Land Inv. Co. v. Williams, 84 Fla. 157, 92 South. Rep. 876, 26 A. L. R. 171, was governed by the exception because the mortgage

involved was for purchase money, the general rule was announced that title acquired by a mortgagor subsequent to his execution of a mortgage with full covenants of warranty, inures to the benefit of the mortgagee.

The chancellor properly disregarded the answer of the appellant Lula M. Taylor and his order for the issuance of a writ of assistance is—

Affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.