MORROW, RUSSELL O. (Retired), Associate Judge.
This is a timely appeal by the appellants who were plaintiffs in the lower court from a final summary judgment in favor of the defendant-appellee in a suit alleging breach of covenants of warranty contained in a warranty deed executed by the defendant.
The defendant filed a motion for a summary judgment and the plaintiffs filed a motion for a partial summary judgment. The cause was submitted to the court on the question of liability alone and not on damages.
Since the record discloses genuine issues of material fact as to the liability, this matter would be returned to the lower court for trial, if in fact this were a summary judgment procedure. However, this is not the case. In the final summary judgment of April 10, 1969, the court stated:
“Counsel agree that there are no material facts in dispute on the question of liability and that the case presents an issue of law to be decided by the court.” (Emphasis added.)
In the defendant’s brief we find this statement:
“Likewise, in the case below, and on this appeal, plaintiff-appellant makes no claim that material issues of fact were overlooked, and that the case is not one in which intervention of a jury is sought, so that the issue on appeal, as it was on summary judgment below, is simply one of law — whether plaintiff-appellant may or may not maintain her action for breach of warranty under the set of circumstances accepted by the parties.” (Emphasis added.)
Thus, despite the nomenclature, this cause was submitted to the trial court for final disposition as to liability on the record and not within the strict frame work of summary judgment procedure.
The record discloses that one F. A. Le-Fils owned homestead property where he resided with his wife and three minor children at the time of his death. He had two additional children who had reached their majority and were not living on the property but had resided there as their home during their minority. Mr. LeFils died testate leaving his entire estate to his wife, one of the appellants. The will was made prior to the birth of the youngest child who is the other appellant.
Prior to his death Mr. LeFils and his wife executed a mortgage on the homestead property to secure a loan. After his death, the mortgage was foreclosed by the holder who is the appellee. The mortgage foreclosure suit named as defendants the executor of the estate and the surviving spouse who is the appellant. None of the children were named as defendants in the foreclosure suit nor did they appear in the suit at any time as parties to the action. At the foreclosure sale the property was purchased by the appellee. During this time the surviving spouse and the minor children were living on the property as their home place.
The property was conveyed by the defendant by warranty deed to the executor of the estate. Thereafter the property was distributed under the will, a -j4th interest going to the surviving spouse and a (4th interest going to the youngest child. The estate paid in excess of $15,900 to the defendant for the property.
After final distribution three of the surviving children each filed a claim against the property for an undivided (4th interest therein.
Subsequently, the appellant sold the property for a gross price of $15,000, of which (4th went to the minor appellant in this suit. The appellant paid the children filing claims the sum of $1500.
*81 The chronology of events is as follows: (1) Mr. LeFils purchased the property in his name on June 1, 1935; (2) the property was mortgaged to the defendant on August 12, 1953; (3) Mr. LeFils died September 7, 1956; (4) petition for probate was filed September, 1956; (5) foreclosure suit was filed by the defendant October 3, 1956; (6) the defendant purchased the property September 20, 1957; (7) the estate purchased the property from the defendant September 15, 1958; (8) the property was ordered to be distributed June 1, 1966; and, (9) the property was sold to a third party September 15, 1967.
The learned trial judge held that the plaintiffs were estopped to maintain their suit and cited Vliet v. Anthony, 1935, 121 Fla. 439, 164 So. 138 and Taylor v. Federal Farm Mortgage Corporation, 1940, 141 Fla. 703, 193 So. 758. The doctrine of equitable estoppel was also invoked.
In the first cited case, a wife joined her husband in the execution of a mortgage on his property, subsequently the mortgage was assigned back to the wife; thereafter the wife joined the husband in the conveyance of the property under general warranties of title to third parties. When a subsequent mortgage was being foreclosed, the wife attempted to assert a prior lien by virtue of her reassigned mortgage. The Supreme Court held that the wife was es-topped by reason of her joining in the conveyance with warranties of title. The asserted claim existed before the foreclosure.
In the second case, the husband and wife executed a mortgage with general warranties, covenanting that they owned the property in fee simple. After the foreclosure of said mortgage, the wife claimed title under a deed from a third party, not joined in the foreclosure suit, who deraigned title from a tax deed issued prior to the execution of the mortgage. The court held that the wife could assert no claim to title under these circumstances, the wife having covenanted that she had a fee simple title with her husband when a tax deed was outstanding.
In each of the cited cases, the matters affecting title occurred prior to the execution of the mortgage containing warranties of title.
In the case at bar, the matter affecting the title occurred after the execution of the mortgage containing warranties of title. At the time of execution no defect existed. A foreclosure suit joining the husband and wife, mortgagors, would have given good title to the purchaser at foreclosure sale even though the property was homestead. However, when the husband died the circumstances changed and any rights of heirs came into fruition. Thereafter when the defendant filed his foreclosure suit, the petition for probate was on file naming all heirs and giving their ages. When the foreclosure suit was begun the plaintiff wife had done nothing to impair the title to said property. She was under no obligation to disclose matters of public record nor to advise the defendant as to how he should bring his foreclosure suit.
There is nothing in the record to support fraudulent inducement to convey the property from the defendant to the plaintiff. There is no charge that the purchase price was not adequate, fair and full. The seeming difficulties in title did not arise from any acts of, or secret knowledge within the plaintiff, but from the negligence of the defendant in the manner of bringing his foreclosure suit.
The judgment appealed is reversed and the cause remanded for further proceedings not inconsistent herewith.
WALDEN and REED, JJ., concur.